[Ex parte Matthews.]

# Ex parte Matthews.

*Appeal from Judgment of Circuit Court refusing Mandamus to compel Speaker of House of Representatives to certify Account of Member of General Assembly for Mileage, &c.*

1. *Statute enacted in terms of a former statute which has been construed ; presumption as to legislative construction.* — The legislature in reënacting a statute substantially in the terms of a former statute which had been judicially construed, will be presumed to have put that construction upon the statute which the prior act had received.

2. *Session of general assembly ; what constitutes.* — The sittings of the general assembly, although extended in the constitutional mode beyond thirty days, and an adjournment takes place for a recess of several weeks, constitute but one session.

3. *Adjournment; resolution as to, force and effect of.* — A joint resolution was adopted by both houses of the general assembly without having been read on three several days in each house or presented to or approved by the governor, providing that when the two houses adjourned on the 17th day of December, 1874, they should stand adjourned until the 15th day of January, 1875 : "*provided* that no member of the general assembly shall be entitled to receive mileage in going to and returning from his home : " *Held,* 1st. It was not necessary that the resolution should be read on three several days in each house, nor that it should be presented to, or approved by, the governor. 2d. The proviso was germane to the resolution. 3d. Under the constitutional provisions in regard to adjournments, the resolution, although not strictly a law, had the force of law, and suspended, as to that adjournment, section 49 of the Revised Code, which, as construed in *Ex parte Pickett* (24 Ala. 91), entitled members to mileage in going to and returning from their homes during recess. 4th. The resolution was binding upon all the members, whether they voted for or against its passage.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.
The facts are sufficiently stated in the opinion.

RICE, JONES & WILEY for appellant.

JNO. W. A. SANFORD, Attorney General, *contra.*

MANNING, J. — The general assembly convened at the capital in regular session on the third Monday in November, 1874, the time prescribed by law. The Constitution having provided that it " shall not remain in session longer than thirty days, except by a vote of two thirds of each house," a joint resolution prolonging the session was adopted by the Senate and House of Representatives, by a two thirds vote of each body, on the 9th of December following. And on the 11th day of the same month a like resolution passed each house, providing that " when each house of this general assembly adjourns on Tuesday, the 17th day of December, 1874, they shall stand adjourned until twelve o'clock on Wednesday, the 15th day of January, 1875 ; provided no member of the general assembly shall be entitled to receive *mileage* in going to and returning from his home."

The petitioner in one of these cases, and the same person, appellant in the other, is a member of the House of Representatives, met with the other members, and was in session with them, and alleging that he did not vote for the resolution of December 11th for a recess, and that during that recess he went to his home and returned from it upon the reassembling of the house in January, claims to have mileage allowed to him therefor.

The Constitution provides that " Each member of the general assembly shall receive from the public treasury such compensation for his services as may be prescribed by law," &c.

By the Revised Code, § 49, " Each member of the general assembly shall receive six dollars for each day's attendance, . . . . and be allowed eight dollars for every twenty miles travel in going to and returning from the seat of government," &c.

The session, which began on the third Monday in November, is not yet ended. It will be but one session until the adjournment *sine die.* Upon the reassembling of the two houses at the close of the recess, all their business was in *statu quo,* in the same plight as at the moment of the adjournment on the 17th of December. Bills left on their second or third reading, or referred to committees, so stood when the members came again together, and proceedings were had in respect thereto as if the adjournment had been from the day before. It was a continuation of the regular session begun in November.

The law above quoted, in regard to mileage, seems to contemplate allowance of it for going and returning once only, during each entire session. But upon a provision almost identical in the Code of 1852, this court decided in 1854 (in *Ex parte Pickett,* 24 Ala. 91), that a member of the general assembly of 1853, which adjourned over on the 20th of December of that year to the 9th of January, 1854, who went home and returned during the recess, was entitled to mileage for this travelling from and to the capital.

And we find that, by an act of the legislature, approved February 21st, 1860 (Pamphlet Acts 22–3), this construction by the court of the provisions of the Code was almost expressly recognized. For — after prescribing the distances for which members from each of the several counties should be allowed mileage — by section 2 it is "*further enacted* that the provisions of the foregoing section shall not apply to mileage at the present session in coming to or returning from the same at the commencement and close thereof, but shall apply to mileage of members going to and returning from home at *any recess that may be taken during the session.*"

Although this was a temporary provision, that related only

[Ex parte Matthews.]

to that session, it plainly shows that the legislature was aware of and acquiesced in the adjudication made in *Ex parte Pickett*. And when by the act approved February 19, 1869, the legislature prescribed the pay and mileage, which is now incorporated in section 49 of the Revised Code, in terms, so far as the point under consideration is involved, almost identical with those construed in the case referred to, we must hold that they were reënacted with the same meaning which the court attributed to them by its decision. *Duramus* v. *Harrison et al.* 26 Ala. 336; *Sartor* v. *Br. Bank*, 29 Ib. 353.

The question, however, remains whether the proviso to the resolution to adjourn from the 17th of December to the 13th of January has the effect to deprive the members, as it was intended to do, of the mileage to and from their homes, during the recess. It is insisted, on behalf of appellant, that it does not, because the resolution not having had three readings in each house, and not having been signed by, or presented to the governor for his approval, cannot have the effect of a law. While adversely it is contended that it has this effect, to the extent contemplated in it, by virtue of sections 16 and 17 of Art. IV. of the Constitution of the State.

The 16th section provides that "Every bill or resolution, *having the force of law*, to which the concurrence of both houses of the general assembly may be necessary, *except on a question of adjournment*, . . . . shall be presented to the governor, and if he approve, he shall sign it," &c. And the 17th section provides that "Every order, resolution, or vote, to which the concurrence of both houses may be necessary, *except on questions of adjournment*, and for bringing on elections by the two houses, shall be presented to the governor," &c.

No section of the Constitution requires that a resolution proper, although it must pass both houses of the general assembly, shall have in each three several readings. Bills must pass through that process. And section 16 imports that a resolution which has passed both houses, without having been read three several times in each, may have "the force of law," if approved and signed by the governor, or without such approval and signature, if it relates to "a question of adjournment."

The resolution under consideration does relate to "a question of adjournment," and was passed by both houses. Is the proviso to it foreign to the "question of adjournment?" It is as follows: "Provided no member of the general assembly shall be entitled to receive any mileage in going to or returning from his home."

Is not this germane to the matter of the resolution? It relates directly to the expense attending the adjournment,

which, we may suppose, was made for so long a time, for the accommodation of the members themselves. Wherefore, they, by the same joint resolution, provide that they shall not be entitled to mileage during a recess created for their own enjoyment.

Of course, laws which are to be permanent and universal, or general in their operation, must be enacted by bills. And "no money shall be drawn from the treasury but in pursuance of an appropriation made *by law*." Nor can the members of the general assembly receive any compensation but such "as may be prescribed *by law*." Resolutions, therefore, "having the force of law," have only a narrow field of operation. They are special in their nature, and generally transient in operation. They relate to particular matters or occasions upon, or concerning which, their function is accomplished.

Now, is not the resolution under consideration, with its proviso, of that nature? Is not the proviso germane to the special matter and occasion to which the part preceding it relates? The whole is one entire resolution by which, at the same time, the two houses take a recess of four weeks, doubtless for the accommodation of their members, and deny to those members the travelling expenses to and from their homes on that occasion, with which the State would otherwise be charged. To this extent, we think, that without being properly a law, the resolution may have, in the language of the Constitution, "the force of law," and as it relates to a question of adjournment, be valid without the signature of the governor.

The fact that in such a case a particular member voted against the resolution cannot have the effect of exempting him from its operation. It must be valid as to all, or not valid as to any of the members.

The subject is certainly not free from difficulty, and we have not found any authorities upon the point above discussed. But we think it is a case in which, using the language approved by this court in *Sadler* v. *Langham* (34 Ala. 322), "unless it be *clear* that the legislature has transcended its authority, the courts will not interfere."

The conclusion to which we have come is, that the motion in this court must be denied, and the judgment of the circuit court, denying the writ of *mandamus* and dismissing the application for it, be affirmed.