(76 South. 422)

### HARRINGTON v. STATE ex rel. VAN HAYES.   (6 Div. 572.)

(Supreme Court of Alabama.   June 7, 1917. Rehearing Denied June 30, 1917.)

1. HEALTH ⚷➙7(1)—COUNTY HEALTH OFFICER—QUALIFICATIONS—"OFFICER."

Under Code 1907, §§ 698–792 as amended (Acts 1915, p. 65 et seq.), relating to public health, and providing for health officers for counties, a county health officer, although an officer for some purposes, is not such within the meaning of section 1467, with reference to persons ineligible for office, and he is not required to be an elector of the state to be eligible to his position.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. OFFICERS ⚷➙3 — PUBLIC OFFICES — CREATION BY CONTRACT.

A public employment may be created by law or by contract, but a public office can never be created by contract.

3. OFFICERS ⚷➙1 — PUBLIC OFFICERS — EVIDENCE.

That a public employé is required to take an oath, give a bond, and keep an office or place of business, does not absolutely determine whether the employment is for a public office within the meaning of a given statute or the Constitution.

4. STATUTES ⚷➙225—COUNTY HEALTH OFFICERS—CONSTRUCTION.

On account of variety of meanings attached to the words "office" and "officer," whether the terms "all-time county health officer," as used in the statutes relating to public health, indicates an officer, within Code 1907, § 1467, must be determined by construction not only of the particular section, and of statutes in which the words occur, but of other statutes of which the particular ones form a part as being in pari materia and a consideration of constitutional provisions.

5. STATUTES ⚷➙225¾—RE-ENACTMENT—CONSTRUCTION.

Re-enacted statutes must receive the known settled construction which they have received when previously of force.

6. STATUTES ⚷➙206—GIVING EFFECT TO ALL PARTS.

Courts should give all parts of a statute some meaning, and some operation if possible, and if the statute admits of two interpretations that should be adopted which gives the statute effect.

7. STATUTES ⚷➙236—GIVING EFFECT TO ALL PARTS.

Statutes which are remedial should be construed liberally in promotion of the remedy intended to be conferred.

8. STATUTES ⚷➙189 — LITERAL INTERPRETATION.

A literal interpretation will not be adopted when it would defeat the purpose of a statute, if any other reasonable construction can be given to the words.

9. STATUTES ⚷➙225¾—REVISION—CONSTRUCTION.

The language of the statutes as revised, or the legislative intent to change the former statute, must be clear before it can be pronounced that there is a change of such statute in construction and operation.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Proceedings by the State, on the relation of Van Hayes, Jr., against F. E. Harrington. From the judgment rendered, Harrington appeals. Reversed and rendered.

Samuel D. Weakley and Percy, Benners & Burr, all of Birmingham, for appellant. A. & F. B. Latady, of Birmingham, for appellee.

MAYFIELD, J.   [1] The sole question presented for review by this appeal is whether or not the position or place of "all-time" health officer for a county is an "office," within the meaning of section 1467 of the Code of 1907.

That it is an office in some senses and for some purposes there can be no doubt, unless we wholly ignore the common and well-accepted meaning of the words used in the statute; in fact, the position is in terms called "an office," and the person who fills it and performs the duties and functions imposed is repeatedly called "an officer," and "a county

---

⚷➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 475.

officer." It does not follow, however, that the place is an office, or that the incumbent is an officer, within the meaning of section 1467 of the Code, though he be such within the meaning of the health and quarantine statutes. Chapter 22, §§ 698–792, of the Code, and of the later acts amending this chapter, particularly the act amending certain sections thereof, found in Acts 1915, p. 653 et seq.

The words "office" and "officer," as used in certain statutes or constitutional provisions, may include certain positions, places, and persons, which would not be embraced within the meaning of the same words used in other statutes or other constitutional provisions. This difference of meaning and sense in which these words are used has been frequently pointed out by this and other courts. See report of the case of State v. Sanders, 187 Ala. 79–84, 65 South. 378, L. R. A. 1915A, 295, and that of Scholl v. Duncan, 162 Ala. 196–198, 50 South. 265, and cases there cited.

The entire statutory system of our health and quarantine regulations, with its history, was reviewed and construed, to some extent, in these cases; and the effect and result of the system was held to evince the legislative purpose to place all matters relating to health and quarantine under the jurisdiction and supervision of the state board of health—a body created by the statutes, and by the statutes invested (so far as they may constitutionally do so) with a part, if not all, of the sovereign power of the state.

The statutes create or authorize to be created a great number of positions and places, and make provision for selecting persons to fill them. Such positions or places are called "offices," and the persons filling them or to fill them are denominated "officers"; but the words are there used in the sense of offices or officers of the state board of health, and not of the state, county, or municipality, though their rights, powers, or duties may be limited and restricted territorially by the boundaries of state, county, or municipality, and in this sense and for this purpose the places and persons are in the statutes denominated state, county, or municipal health officers, or health offices. This is obviously for the purpose of distinguishing such offices or officers of the state board of health from other official positions or persons; and not for the purpose of constituting them state, county, or municipal places or authorities within the meaning of statutory and constitutional provisions on the subject. This was attempted to be pointed out in the case of State v. Sanders, supra.

In the Sanders Case, the incumbent claimed to be a state officer within the meaning of certain provisions of the Constitution, and was repeatedly named in the statutes "state health officer," and authorized or required to keep an office, etc.; but his position was held not to be an office, and he, not an officer, within the meaning of the constitutional provision in question, although it was an office and he was an officer, within the meaning of the health statutes.

[2, 3] There are in legal parlance probably few words that have a greater variety of meanings, or shades of meaning, than the words "office" and "officer." Officers are divided into private and public, civil and military, national, federal, state, county, municipal, and many other classes of territorial designation; and into many other subdivisions and classifications, such as eleemosynary, health, and quarantine. When we speak of a public officer as a state, county, or municipal officer, we usually mean a person who, by lawful authority, has been invested with a part of the sovereign functions of government. A public office is, of course, a public employment; but every public employment is not a public office. The portion of the sovereign power thus delegated to the officer may belong to any of the three governmental departments; that is, legislative, executive, or judicial. A public agent or employé, of course, acts for his principal or employer. A public employment may be created by law, or by contract; but a public office can never be created by contract. Public officers are usually required to take an oath, and often, to make bond, and to keep an office or place of business; but none or all of these requirements do not absolutely determine whether or not a given employment is a public office, within the meaning of a given statute or constitutional provision. This is well stated, verified, and illustrated by notes and cited authorities in all the text-books on the subject of public offices. See Mechem on Pub. Off. §§ 1–10, and Throop on Pub. Off. §§ 1–15. A public employment authorized or created by law may not be a public office within the meaning of the statutes and constitutional provisions governing qualifications for, elections to, and removals from, public offices, state, county, or municipal; or within the meaning of constitutional provisions prohibiting increasing, diminishing, or changing the compensation of officers during their respective terms; and yet it may be that of a member of some board or commission or court or other body clothed by law with a part of the sovereign powers, and for that reason be deemed a public office within the meaning of the statute of its creation. An illustration of this may be found in the case of State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295, and others, in the employments of the president of the University of Alabama, and of other state institutions, and in the positions of clerks and assistant clerks of the house of representatives, secretary and assistant secretaries of the senate, and of the engrossing and enrolling clerks of both houses of the Legislature. The incumbents of these positions are all officers, but officers of the respective bodies or tribunals which select or appoint them, and not of the state within the meaning of

section 1467 of the Code, and of many of the constitutional provisions relating to public officers of the state, the counties, and the municipalities.

[4] On account of this variety of meanings attaching to the words "office" and "officer," as used in various written laws, the adjudicated cases do not always, nor even often, furnish safe guides by which to determine with absolute certainty whether or not a given employment is an office with the meaning of a given statute or other written law. Every case must of necessity be determined by consideration of the particular facts and circumstances involved. For example: Whether the phrase "all-time county health officer," as used in the amended statutes of this state above cited, relating to the public health, and the quarantine laws, indicates an "officer" within the meaning of section 1467 of the Code, must be determined by a construction, not only of the particular sections of the Code, and of the statutes in which the words occur, but of other sections of the Code, and of other statutes of which the particular ones form a part as being in pari materia.

There are, also, certain constitutional provisions which should be looked to, as aids to the proper decision of the concrete question submitted to us.

Thus, looking to the whole of these statutes—the particular sections of the Code and the statutes in which these words and phrases are found—and to several constitutional provisions, we have reached the conclusion, and so decide, that appellant is not an officer of this state, or holding or attempting to hold an office under the authority of the state, within the meaning of section 1467 of the Code, and, for that reason, that he is not required to be an elector of this state to be eligible to his position.

If a county health officer is an officer within the meaning of section 1467, then it would seem that he is a county officer within the meaning of section 175 of the Constitution—in which case he would be removable only by impeachment, as provided by the Constitution. The statutes providing for such health officers prescribe other summary modes for their removal from office. If therefore they are county officers, these various statutory provisions as to their removal from office would be void. Nolen v. State, 118 Ala. 154, 24 South. 251; Touart v. Callaghan, 173 Ala. 459, 56 South. 211.

It is true that this part of the statutes constituting the health laws might be void, and other parts be valid; but we should give effect to the statutes as a whole, as constituting a complete system, according to the evident legislative intent, if this can be done without doing violence to the Constitution. While the statutes do in terms denominate such positions or employments "offices," or "county offices," and those who fill them "county health officers," yet in a great number of instances they denominate them "of-

fices" or "officers" of the state or county boards, and not of the state or county within the meaning of those words as used in the Constitution and in the section of the Code in question.

As we have shown above, this court is committed to the construction of our health and quarantine laws, as creating a system which places the entire control and management of these subjects in the hands of the state board of health, and the respective boards for the several counties acting under the state board.

The statutes also provide for various agents, employés, and officers of these various boards, state and county; and these are mentioned in the statutes as state and county officers, and, at other times and in other places, as officers of the boards which elect or appoint them. To treat or construe them to be officers of the boards, and not of the state and county, gives the entire statutory system, so far as the question now under consideration is concerned, harmonious operation and effect as expressly written and provided; but to construe these statutes as creating state and county offices leaves many of the provisions to fall, because violative of one or more provisions of the Constitution. Besides the provision as to the removal of such officers during the terms for which they are elected, other important provisions—such as those inhibiting increasing or diminishing the salaries or compensation of such officers during the terms for which they are elected, and forbidding one person to hold two or more offices—would be impinged upon. Const. §§ 280, 281.

[5] It is an elementary rule of statutory construction that re-enacted statutes must receive the known settled construction which they had received when previously of force; for it must be presumed that the Legislature intended the adoption of that construction or they would have varied the words, adapting them to a different intent. Barnewall v. Murrell, 108 Ala. 377, 18 South. 831.

[6, 7] Courts should give all parts of a statute some meaning and some operation if possible, and, if the statute admits of two interpretations, that should be adopted which gives the statute effect, rather than the one which defeats its operation, and statutes which are remedial should be construed liberally in promotion of the remedy intended to be conferred. Stewart's Case, 83 Ala. 493, 4 South. 373.

[8] A literal interpretation will not be adopted, when it would defeat the purposes of a statute, if any other reasonable construction can be given to the words. Thompson v. State, 20 Ala. 54.

It was ruled in the Sanders Case that the state health officer, although so named, was not a public officer within the meaning of the Constitution. It is true that the statutes have since been amended, as to both state

and county health officers; but it yet appears that such persons are still mere agents or officers of the boards, and not of or under the state and the county, so as to fall within the operation of the Code provisions as to eligibility to such offices, or within the operation of the constitutional provisions relating to removal from office or forbidding change in compensation during the term current or inhibiting the holding of two offices at the same time.

The substantial re-enactment of a statute which has received a known, fixed, judicial construction, is (a legislative adoption of that construction. O'Byrnes v. State, 51 Ala. 25; Ex parte Matthews, 52 Ala. 51; Woolsey v. Cade, 54 Ala. 378, 25 Am. Rep. 711; Huddleston v. Askey, 56 Ala. 218; Posey v. Pressley, 60 Ala. 243; Morrison v. Stevenson, 69 Ala. 448; E. T. V. & G. R. R. Co. v. Bayliss, 74 Ala. 150.

[9] In the revision of the statutes, an alteration of phraseology, the omission or addition of words, will not necessarily change the operation or construction of former statutes; the language of the statutes as revised, or the legislative intent to change the former statute, must be clear before it can be pronounced that there is a change of such statute in construction and operation. Landford v. Dunklin, 71 Ala. 594; Bradley v. State, 69 Ala. 318.

We are not unmindful of the fact that there are certain sections of the health laws which, standing alone or unmodified, would require a construction to the effect that appellant is an officer under the laws of this state within the meaning of the section of the Code in question; but construing the statutes as a whole, as forming one complete system (as we have held they do), we have reached the opposite conclusion.

The authorities cited and relied upon by appellee are distinguishable from the case in hand for this reason, and also because many of them were dealing with offices, positions, places, or franchise rights which could be tested or inquired into in a proceeding by quo warranto; and not with the question of the eligibility of the person to fill the given place or to exercise the franchise rights. The words "office" and "officer," when used in statutes of the one kind, have a different and wider and a more varied meaning than when used in those of the other. That is, the extent of the meaning of the words or phrases is not always the same, when used in different statutes relating to different subjects. For example, our statutes as to quo warranto proceedings are not exclusively against state, county, or municipal officers, but apply also to military officers and to officers of private corporations created by the authority of the state.

No one will contend that the word "office," as used in the Code, § 1467, applies to all such officers or positions. Such has never been the construction placed on it by this court or the Legislature.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.