168 So. 443

**JEFFERSON COUNTY v. HAWKINS et al.**

6 Div. 877.

Supreme Court of Alabama.

May 21, 1936.

Ernest Matthews, of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

KNIGHT, Justice.

Burgin Hawkins, who was clerk of the Jefferson county court of common claims at the time said court was abolished by the Legislature of Alabama on February 9, 1935, filed in the circuit court a bill of interpleader, alleging that, as such clerk, he had collected, and had under his control, approximately $3,000, which was collected

by him as a "library tax" in cases tried and determined in said court.

It is averred in substance that the imposition and collection of a fee of $1 "library tax," in each case, to be collected as other costs are collected, was provided for by an act of the Legislature approved August 11, 1927 (Gen.Acts 1927, p. 261); and that the amount now in his hands represents the aggregate of collections of said tax, made by himself and his predecessor in said office, and collected since the establishment of the said court of claims in 1931.

Complainant alleges his desire and readiness to pay over said funds to whomsoever is legally entitled to the same; that Jefferson county, Hon. J. Fritz Thompson, as presiding judge of the circuit court for Jefferson county, and O. L. Andrews, as clerk of the circuit court, each claim, or are believed to claim, title to said fees; that complainant is in doubt as to which one of said claimants he should pay said money, and he therefore paid said funds into court, and prays that each of said named claimants be made parties defendant to the bill; and that the court, by proper order and decree, after due hearing, relieve complainant from all responsibility and liability for said funds so paid into court, and will determine and decree "the proper and legal distribution and disbursement of said funds, allowing your complainant a proper allowance for solicitor's fees," and for general relief.

There was no demurrer by any of the parties to the bill, but each of the parties answered the several paragraphs of the bill; the defendant Jefferson county insisting in its answer that the legal title to the funds was in the said defendant and that it was the beneficial owner thereof by virtue of section 19 of an act of the Legislature approved July 20, 1931 (Gen.Acts 1931, pp. 621, 624).

No point is made in any of the briefs here filed, nor in the pleadings, against the constitutionality of any of the acts of the Legislature, which are involved in this case, and the sole question to be determined grows out of the proper construction of the pertinent acts.

In 1927 the Legislature of Alabama adopted an act (and the Governor duly approved the same on August 11, 1927) entitled "An Act To provide a fund for the support of a law Library for the Circuit Court in counties of two hundred thousand or more inhabitants, without appropriations from the State or county treasury." The first and only section of said act reads: "That in all civil (including equity) cases hereafter filed in or brought by appeal or certiorari to the Circuit Court, of Counties of two hundred thousand or more inhabitants there shall be taxed as costs, the sum of one dollar in each case to be collected as other costs are collected, and to be paid to the Clerk of such Circuit Court. That said sum of one dollar shall be called the 'library tax' and shall be expended by the Circuit Court of such county by orders of the Presiding Judge thereof, for maintaining a Law Library for such Circuit Court. Provided, that this act shall not apply to cases filed by municipalities for the purpose of selling property for collection of taxes due such municipalities."

The Legislature of Alabama, by an act approved by the governor July 20, 1931 (General Acts 1931, p. 621), created the court known as the Jefferson county court of claims, and section 19 of the act creating said court reads as follows: "The fees and costs that are now or hereafter allowed by law, except a State trial tax in cases in the Circuit Court shall be taxed and collected as provided by law in said Circuit Court and shall by the Clerk be paid into the County Treasury. In all cases instituted in said Court there shall be taxed as a County trial tax the sum of $3.00 in addition to the other costs and fees provided herein, which shall be collected as a part of the costs and shall be paid by the Clerk of the Court into the Treasury of the County for the benefit of the general fund."

There can be no doubt but that, by this section of said act, the clerk of the Jefferson county court of claims was not only authorized, but required, to include in the bill of cost in all cases instituted in said court a "library tax" fee of $1. On this point we understand all parties are agreed.

It is insisted by Jefferson county that this "library tax" fee belongs to it, and should have been paid by the clerk of said Jefferson county court of claims into the treasury of said county for the benefit of the general fund of the county. Confessedly, if this contention that Jefferson county is the beneficial owner of said fees is not sustained, the appellant can take nothing by its appeal in this cause.

It is insisted by appellant—Jefferson county—that section 19 of the act creating the Jefferson county court of claims contains two separate and severable provisions: First, it provides for the collection of the fees and the method thereof; and, second, the disposition of the fees.

It is true, as pointed out in brief of appellant, that we are in a measure dealing with two separate and distinct, and we may say, as is insisted, independent courts, but this is in no wise controlling or determinative of the issue here presented.

■ No one, we assume, would doubt for a moment that the "library tax" fee provided in the General Act of 1927 was imposed, and ordered to be taxed as cost, and was designed, as expressly provided in said act, for maintaining a law library for said court. It constituted a trust fund, in the hands of the clerk, or into whomsoever's custody it might come, to be expended by the circuit court of Jefferson county on orders of the presiding judge.

■ It also seems clear to us that, when section 19 was written into the act creating the Jefferson county court of claims, it was the legislative purpose to take care of and to impose this "library tax" in each case instituted in said court, and the fact that in the first sentence (we may say first paragraph) the clerk was directed to pay all the fees and costs collected in said court into the county treasury, without more, could not destroy the earmarks attaching to the "library tax" fee, nor destroy the trust character or beneficial uses attaching to said funds.

■ We are quite familiar with the authorities cited by appellant in brief to the point that, where the language of a statute is plain and unambiguous, there is no room for construction. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, and cases there cited.

We are also familiar with the corollary to the above rule that, when the language of the statute is ambiguous, or doubtful in meaning, construction by the court becomes necessary, and in such case the court should endeavor to ascertain the legislative mind and the purpose of the statute, as well as the object to be accomplished.

■ Likewise the rule of construction does not require that the letter of the statute shall control its spirit or the purpose of its creation. Sometimes the letter would crucify the spirit. Such results are to be avoided.

In the case of City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159, 162, it was observed: "This rule of construction does not imply that the letter shall control the spirit. A thing may be within the letter of a statute and not within the meaning or spirit, or it may be within the clear meaning or spirit and not within the letter. Courts, in construing statutes, often look less to the letter than to the context, the spirit, or to the meaning of the statutes to arrive at the true intent of the lawmaker. * * * The whole statute under construction, as well as others, must sometimes be looked to, to ascertain the true meaning and intent."

And in Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 76 So. 422, this court committed itself to the rules that a literal interpretation will not be adopted when it would defeat the purposes of the statute, if any other reasonable construction can be given the words.

■ Section 19 of the act creating the court of common claims only provides, as we read and construe it, in the light of the above-stated canons, that the county trial tax of $3 shall become a part of the general fund of the county and the county the beneficial owner thereof.

In dealing with the other items of cost specifically provided should be paid into the county treasury, there is no provision whatsoever directing that such cost should be paid into the treasury for the benefit of the general fund. All such as are provided for in the first part of said section 19 (General Acts 1931, p. 621, 624) are to be paid, to be sure, into the treasury, but they remain earmarked funds, and the person or institution for whom said costs and fees were collected remain, as for anything provided to the contrary in said act, the beneficial owner thereof.

■ It would convict the Legislature of high-handed, if not unconstitutional, legislation, to hold that they intended to impose upon litigants a "library tax" fee in every case, and appropriate such a fee for its own general use. The fee was imposed to maintain the library for the use of the courts and bar, and there could have been no other purpose in the minds of the members of the Legislature.

We are at the conclusion that the appellant has shown no title to funds in court, collected as "library tax" fees, in the court of common claims; that said funds should be paid into the county treasury, properly earmarked, and disbursed by the clerk of the circuit court, on orders of the presiding judge of the circuit court of Jefferson county.

It follows that the decree appealed from is due to be affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.