182 So. 14

**LONG et al. v. TALLADEGA NAT. BANK.**

3 Div. 263.

Supreme Court of Alabama.

June 2, 1938.

Rehearing Denied June 23, 1938.

A. A. Carmichael, Atty. Gen., and R. T. Goodwyn, Jr., Special Counsel, of Montgomery, for appellants.

Lawrence Dumas Jr., of Birmingham, for appellee.

cover the privilege or license tax which, the appellee insisted, was the proper amount required by the Act.

The appellants declined to record the list, as presented, upon the ground that the privilege or license tax on the *no par value stock* of the Coca-Cola Company, appearing on the list, should be based on the *actual valuation* as of October 1st, 1936, of $121.75 per share, instead of upon the nominal value of $100 per share, although the list tendered did not show affirmatively the actual value of said stock as of October 1, 1936, but did show the nominal value per share to be $100.

The sole question here presented for our determination is whether the privilege or license tax for registering of the *no par value stock,* pursuant to said Act, should be based on the actual value of the 1500 shares of *no par value stock* of the Coca-Cola Company, which was admittedly $121.75 per share as of October 1, 1936, or on the nominal value of $100 per share, in view of the fact that the list tendered by appellee to the State Tax Commission did not show affirmatively the actual value of such shares.

The provision of the Act here pertinent is:

"Section 344. (a) No list of securities shall be received for record by the State Tax Commission unless and until the following privilege or license tax shall have been paid to the State Tax Commission upon such list of securities, before the same shall be offered for record, to-wit: Upon all such securities listed with the State Tax Commission, the par value or principal amount of which does not exceed One Hundred Dollars ($100.00), the sum of Twenty-five cents (25¢) and upon all such securities the par value or principal sum of which is more than One Hundred Dollars ($100.00), the sum of Twenty-five cents (25¢) for each One Hundred Dollars ($100.00) of value or fraction thereof as shown in said list. For the purpose of this Act, shares of stock having no nominal or par value, included in any such list of securities, shall be taken in the determination of said tax as equal to One Hundred Dollars ($100.00) par value per share, unless the actual value thereof be otherwise shown affirmatively on the list thereof to the satisfaction of the State Tax Commission, in which event the sum to be paid shall be twenty-five cents for each One Hundred Dollars ($100.00) of the value thereof so shown provided a list of all securities may be filed and recorded annual-

## KNIGHT, Justice.

This is an appeal from a judgment of the Circuit Court of Montgomery County, awarding peremptory writ of mandamus, requiring the respondents-appellants to record a list of securities, as of the date the list was filed with the State Tax Commission, under the provisions of Sections 337 to 344, inclusive, of Act No. 194, General Laws of Alabama, Approved July 10th, 1935. General Acts 1935, p. 256.

Under the provisions of the above mentioned Act, the appellee, Talladega National Bank, tendered to the State Tax Commission a list of securities for record, and at the same time tendered the Commission a certain amount of money to cover the filing and recording fees, and also an amount to

ly and the tax paid as above provided for each year. (b) Upon the filing for record in the office of the State Tax Commissioner of any such list of securities, the owner of the securities listed therein or his agent, shall present said list to the State Tax Commission and pay to the State Tax Commission the amount of tax required under this Section to be paid on account thereof, and upon such payment the State Tax Commission, or any member thereof or any of its assistants, shall certify on said list of securities the fact that the tax has been paid. * * *"

It is thus to be noted that "For the purpose of this Act, shares of stock having no nominal or par value, included in any such list of securities, shall be taken in the determination of said tax as equal to One Hundred Dollars ($100.00) par value per share, *unless the actual value* thereof be otherwise shown affirmatively on the list thereof to the *satisfaction of the State Tax Commission,* in which event the sum to be paid shall be twenty-five cents for each One Hundred Dollars ($100.00) of the value thereof so shown" etc.

It is here insisted by appellee that since the provisions of Section 344(a) of the Revenue Act of 1935 are clear and unambiguous, there can be no basis for construction, and consequently no necessity for "departing from the literal meaning of the statute." That inasmuch as the statute provides that where the actual value of *no par value stock* is not shown affirmatively, the value of such stock shall be taken to be $100 per share for computing the tax. And, further, that there is nothing in the spirit, obvious intent, origin, contemporaneous history, the state of the law at the time of the enactment of the foreign securities tax provision, or in its legislative record to indicate that the tax on *no par value stock* should be computed on any basis other than $100 per share when the taxpayer does not show affirmatively its actual value on his list of securities filed with the State Tax Commission. And, finally, that, unless the statute is held to mean that the taxpayer shall have the right to list his shares of *no par value stock* at the nominal value of $100 per share, by *failing* or *refusing* to show affirmatively the actual value, the language of the statute to that effect must be ignored.

To begin with, we do not think it was ever the legislative mind to permit the owner of *no par value stock* to determine for himself whether such stock shall be taxed at the nominal value of $100 per share by simply *failing* or *refusing* affirmatively to show its actual value. To so hold would convict the legislature of placing it within the power of the taxpayer to fix his own values of such taxable property, and thereby foreclose any investigation or determination by proper authorities of the true and actual value of such stock. To place such meaning on the language of the statute would, in effect, destroy one of its main purposes. If the words of the statute, taken literally, would bring about such results, they would crucify the spirit of the statute. The letter of the statute will not be allowed to control its spirit or purpose. Jefferson County v. Hawkins et al., 232 Ala. 398, 168 So. 443.

However, we think the question presented by this record has been settled adversely to the contention of appellee in the case of Lee v. State Tax Commission of Alabama, 219 Ala. 513, 123 So. 6.

In the Lee Case, this court held (page 9): "When the act (the same as now before us) is considered pari materia, the tax commission has full power to determine the actual value thereof and the amount of the license or franchise required of the value so ascertained and fixed of *no par value stock.* * * * [Parenthesis supplied.]

"It would be a strained construction to place upon the Revenue Act, and provisions for the collection of revenues, to hold that it was not the legislative intent that the tax commission should not have full power to ascertain and determine the value of the shares of such stock, *and that the value placed or fixed thereon by the owner should be final* and authorize listing or registration of same. It is evident that such *was not* the legislative intent, as we have hereinabove set out from the statutes. The words 'to the satisfaction of the State Tax Commission' imply the right to investigate and ascertain its 'actual value' as a condition precedent to listing the same on payment of the required amount." [Italics supplied.]

It is true that the Lee Case came before this Court on demurrers attacking the constitutionality of the statute now before us, but an interpretation and construction of that statute was necessary in determining its constitutionality. What was said in that case was not obiter dicta as supposed by counsel for appellee.

We are, therefore, at the conclusion that the State Tax Commission were justified in declining to record the list of securities filed with it by appellee on account of its failure and refusal to pay the proper license or privilege tax thereon. The actual value of the *no par value stock* of the Coca-Cola Company, under the admitted facts, was properly placed or fixed by the Tax Commission at $121.75 per share, and the privilege or license tax thereon should be computed at 25 cents for each $100 or fraction thereof.

It follows, therefore, that the judgment of the circuit court, directing peremptory mandamus to the appellants, must be reversed, and judgment will be here entered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.