100 So.2d 681

**In re OPINION OF THE JUSTICES.**

**No. 161.**

Supreme Court of Alabama.

Feb. 12, 1958.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama.

Montgomery, Alabama

Gentlemen:

An important constitutional question has arisen concerning the interpretation of the amendment to the Constitution of Alabama that was proposed by Act No. 151 adopted at the 1957 Regular Session of the Legislature of Alabama. The said constitutional amendment (herein sometimes called "the constitutional amendment"), which was ratified at an election held in the state on December 17, 1957, and was proclaimed a part of the constitution by proclamation made by me as Governor on December 27, 1957, authorizes the state, when authorized by appropriate laws passed by the Legislature, to engage in works of internal improvement along navigable waterways of the state and to become indebted for not exceeding $10,-000,000 in aggregate principal amount and to issue bonds to carry out the purposes of the constitutional amendment.

Since the legislative history of the bill (herein called "the amendment bill") that was enacted as the said Act No. 151 will

probably be deemed by you to be of importance in determining the answer to the question herein propounded, I shall set forth briefly that legislative history.

On May 10, 1957, the amendment bill was introduced in the Senate as S. B. 118. On the same date there was introduced in the Senate a companion bill, designated S. B. 119, which provided for internal improvements along navigable waterways in the state and the financing thereof by the issuance of not exceeding $10,000,000 aggregate principal amount of bonds described in substantially the same terms as those used in the amendment bill, and apparently constituted what is known as enabling legislation to the constitutional amendment proposed by the amendment bill.

It is, of course, a common practice for sponsors of legislation to cause it to be introduced in each House of the Legislature, and that course was followed in the case of the amendment bill and its companion enabling bill. On May 14, 1957, the legislative day next succeeding May 10, 1957, two bills identical with S. B 118 and S. B. 119 were introduced in the House of Representatives, the bill that was identical with the amendment bill being H. B. 252 and the bill that was identical with S. B. 119 being H. B. 253.

The amendment bill was passed, as originally introduced, by the Senate on July 9, 1957, and by the House of Representatives on July 16, 1957. S. B. 119, introduced as the companion enabling bill to the amendment bill, was not enacted, but H. B. 253, the bill identical with S. B. 119 that was introduced in the House of Representatives, was, after amendments in both the House and Senate, passed by the House on July 12, 1957, and by the Senate on August 9, 1957. As so passed, it was approved by me on August 20, 1957, and was designated Act No. 311. The changes in H. B. 253 that were made by the said amendments and that are now embodied in said Act No. 311 included certain administrative changes not here relevant and included also the substitution of the numerals "$3,000,000" at all places where the numerals "$10,000,000" had appeared in H. B. 253 as originally introduced.

The amendment bill and the identical H. B. 252 were the only bills introduced in the 1957 Regular Session of the Legislature of Alabama which proposed a constitutional amendment authorizing or in any way pertaining to works of internal improvement on navigable waterways in the state and the issuance of bonds therefor. H. B. 253 and the identical S. B. 119 were the only other bills introduced in the said session of the Legislature which provide for works of internal improvement along navigable waterways in the state and the issuance of bonds therefor.

The constitutional amendment authorizes the state to engage in works of internal improvement along navigable waterways and to become indebted for not exceeding $10,000,000 and to issue its bonds to carry out the purposes of said amendment *when authorized by appropriate laws passed by the Legislature.* The said Act No. 311, on the other hand, which authorizes the state to engage in the said works of internal improvement and to become indebted for not exceeding $3,000,000 and to issue its bonds for said purposes, contains a provision that Act No. 311 shall take effect upon ratification of "a proposed Amendment to the Constitution of this State authorizing the State to engage in works of internal improvement along navigable waterways of the State by constructing docks and facilities and authorizing the State to become indebted for not exceeding $3,000,000 in aggregate principal amount to carry out the purposes of the Amendment, which proposed Amendment is submitted by the Legislature of Alabama at the General Session for 1957".

Pursuant to the provisions of Title 13, Section 34, of the Code of Alabama of 1940, I respectfully request your opinion on the following important constitutional question concerning the interpretation of the constitutional amendment:

Is the said Act No. 311 effective as an appropriate law, within the meaning of the constitutional amendment, authorizing the State of Alabama to engage in works of internal improvements and to become indebted and to issue and sell bonds in an amount not exceeding in the aggregate $3,000,000?

Respectfully,

*[signature]*

JEF:A          Governor

Honorable James E. Folsom
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of February 6, 1958, in which you request our opinion on a constitutional question concerning the constitutional amendment proposed by Act No. 151 of the 1957 Regular Session of the Legislature, Acts 1957, p. 195, and proclaimed a part of the Constitution on December 27, 1957.

You have asked whether Act No. 311, Acts 1957, p. 408, adopted at the same session of the Legislature is effective as an "appropriate law passed by the Legislature" within the meaning of that phrase as used in said constitutional amendment.

■ We have judicial knowledge of the legislative records of the state, including the legislative journals and the records of bills as introduced and acts as passed. Opinion of the Justices, 247 Ala. 195, 23 So. 2d 505; State ex rel. Crenshaw v. Joseph, 175 Ala. 579, 57 So. 942.

■ Enactments dealing with the same subject matter and passed by the same session of the Legislature are construed *in pari materia*. Coan v. State, 224 Ala. 584, 141 So. 263; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; 50 Am.Jur., "Statutes," §§ 350–351; 82 C.J.S. "Statutes" §§ 366–367. This principle applies with particular force

to the interpretation of a constitutional amendment and its enabling act. In re Opinion of the Justices, 237 Ala. 671, 188 So. 899; In re Opinions of the Justices, 227 Ala. 296, 149 So. 781.

The bill proposing the said constitutional amendment and the bill that was subsequently enacted as said Act No. 311 were originally introduced as companion bills and as mutually complementary legislation. As originally introduced, the enabling bill provided in unmistakable terms that it would become effective upon ratification of the constitutional amendment. During its course of passage, the enabling bill was amended in several respects, one of which was to reduce the aggregate principal amount of the bonds authorized therein from $10,000,000 to $3,000,000. This was a valid exercise of the discretion of the Legislature. But in effecting this change, the Legislature substituted the figures "3,000,000" for the figures "10,000,000" at every place in which the latter figures appeared in the enabling bill. This substitution effected a result that the description of the constitutional amendment in both the title and Section 20 of Act 311 contains an inaccurate reference to the amendment. It describes the amendment as authorizing indebtedness "not exceeding $3,000,000 in aggregate principal amount" when the amendment actually authorizes indebtedness not exceeding $10,000,000 in aggregate principal amount. Except for that one inaccuracy, the enabling act correctly describes the constitutional amendment in all respects.

■ It is obvious that the purpose of the change in the enabling bill during passage was to permit only $3,000,000 in principal amount of the bonds authorized by the constitutional amendment to be issued until the Legislature, in subsequent sessions, should authorize additional bonds for the remaining $7,000,000 provided for in the constitutional amendment. It is clear that there was no legislative intent to refer to any constitutional amendment other than the one proposed by Act No. 151. This is

certain because no other constitutional amendment dealing with the same subject matter was even proposed during the 1957 Regular Session of the Legislature. The enabling act has, and could have no field of operation unless it refers to that amendment which authorizes bonds not exceeding $10,000,000 in aggregate principal amount. The only constitutional amendment that could have been referred to in the enabling act is that constitutional amendment proposed by Act No. 151. It is presumed that the Legislature did not do a vain and useless thing. Haralson v. State ex rel. King, 260 Ala. 473, 71 So.2d 79, 43 A.L.R.2d 1343.

■ The inept use of the words "not·exceeding" before the figure "$3,000,000" in the reference in the enabling act to the constitutional amendment was clearly inadvertent. In our opinion those words can and should be disregarded as being inept and as self-correcting, in the light of the whole legislation.

■ The cardinal rule in interpreting legislative enactments, to which all other rules are subordinate, is that the court must ascertain and give effect to the true legislative intent. This court has many times held obvious errors in the language of statutes to be self-correcting and has declined to follow the literal language of statutes when to do so would defeat the legislative purpose in enacting the statute or would produce absurd or unreasonable results. Ex parte Rice, 265 Ala. 454, 92 So.2d 16; Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So. 2d 787; Broaddus v. Johnson, 235 Ala. 314, 179 So. 215; Long v. Talladega Nat. Bank, 236 Ala. 366, 182 So. 14; Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; Nunez v. Borden, 226 Ala. 381, 147 So. 166; State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856; Hooper & Nolen v. Birchfield, 115 Ala. 226, 22 So. 68; Harper v. State, 109 Ala. 28, 19 So. 857;

Rawls v. Doe ex dem. Kennedy, 23 Ala. 240; Thompson v. State, 20 Ala. 54; 50 Am.Jur., "Statutes," §§ 223, 240, 377; 82 C.J.S. "Statutes" §§ 321, 322(3), 323, 325, 342.

In our opinion Act No. 311, the enabling act, became effective on December 17, 1957, upon ratification by the people of the said constitutional amendment. Being an effective law appropriate to implement the amendment, the said Act No. 311 is an appropriate law passed by the Legislature, within the meaning of that phrase as used in the constitutional amendment. We therefore answer your question in the affirmative.

Respectfully submitted,

J. ED. LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.
Associate Justices.