SHORES, Justice.
C. E. Burrell filed a petition for writ of quo warranto challenging James A. McCullough’s eligibility to hold membership on the Mobile County Personnel Board. Bur-rell contended that McCullough was ineligible to hold an office on the Personnel Board because he served as a member of the Sara-land Water and Sewer Board for eight years next preceding his election (by the Supervisory Committee of the Mobile County Personnel Board) and, as such, held public office, which disqualified him under the provisions of Act No. 684, Acts of Alabama 1976, Vol. II, approved August 23, 1976, page 939.
After hearing, the trial court entered a final judgment removing McCullough from an office on the Personnel Board for Mobile County and declared him ineligible to hold such office hereafter for a period of time fixed by law. McCullough appealed.
The facts are undisputed.
McCullough, for several years prior to his election to the Mobile County Personnel Board to fill a vacancy in Place One, served as a member of the Board of Water and Sewer Commissioners of the City of Sara-land, Alabama, which is a public corporation created pursuant to Title 37, Article 8, Chapter 7, §§ 402(28)-(46), Code.
The Water and Sewer Board has authority to adopt a budget and spend monies, fix water (but not sewer) rates, and give final approval for hiring of employees for the board. McCullough participated in all of these functions as a member of that board.
Additionally, in December 1976, McCullough’s name was placed on a ballot circulated among the members of the State Democratic Executive Committee to select a party nominee for a vacancy in the State Legislature, but was not selected as the party nominee for that office. Because he found that McCullough held a public office by being a member of the Board of Water and Sewer Commissioners of Saraland, the trial judge did not reach the question of whether his having sought the Democratic nomination for the legislature would also disqualify him for membership on the Personnel Board.
The initial issue presented is whether McCullough, by being a member of the Board of Water and Sewer Commissioners of the City of Saraland, held public office as that expression is used in Act No. 684, supra. The Mobile County Personnel Board was originally created by Act No. 470, 1939 Local Acts of Alabama, approved September 15, 1939, page 298. Section VII of Act No. 470 sets out the number of members and qualifications of the Personnel Board as follows:
“The Personnel Board shall consist of three members designated respectively as Member Number One, Member Number Two, and Member Number Three, each of whom shall be over 21 years of age, of recognized good character and ability, a bona fide resident and a qualified elector of Mobile County, and shall not, when appointed, nor for the three years then next preceding the date of his appointment have held any Mobile County or City public office, nor have been a candidate for such. If any person actively solicits a position on such Board, the Committee may, for this reason, refuse to consider his appointment. . . . ”
4 Act No. 470 was amended in 1965. Act No. 36, Acts of Alabama 1965, Third Special Session, Vol. I, approved October 29, 1965, page 246. This amendment eliminated the reference to Mobile County or City so that the section reads:
“ ‘Section VII. PERSONNEL BOARD: The Personnel Board shall consist of three members designated respectively as Member Number One, Member *1123 Number Two, and Member Number Three, each of whom shall be over 21 years of age, of recognized good character and ability, a bona fide resident and a qualified elector of Mobile County, and shall not, when appointed, nor for the three years then next preceding the date of his appointment have held public office, nor have been a candidate for such. If any person actively solicits a position on such Board, the Committee may, for this reason, refuse to consider his appointment. . . . ’”
This section was again amended in 1976 by Act No. 684, supra. The 1976 amendment increased the number of members on the Board from 3 to 5, reduced the qualifying age from 21 to 19, and provided that members should be selected from districts. The 1976 amendment retained the language contained in the 1965 amendment:
“ ‘Section VII, (a). . . . members . .. . shall be ... a qualified elector of Mobile County, and shall not, when appointed, nor for three years then next preceding the date of his appointment have held public office, nor have been a candidate for such. If any person actively solicits a position on such Board, the committee shall, for this reason, refuse to consider his appointment. . ’ ” (Emphasis Added)
Does a member of a municipal water and sewer commission, created pursuant to Title 37, Article 8, §§ 402(28)-{46), Code, hold public office as that term is used in Act No. 684, supra ? § 402(31) of Title 37 provides:
“Each board created under the provisions of this article shall be deemed to be a public agency or instrumentality exercising public and governmental functions to provide for the public health and welfare, and each such board is hereby authorized and empowered:
[[Image here]]
There follows a list of the functions which such boards are empowered to perform, described in the statute as governmental functions. The Saraland Water and Sewer Board, of which McCullough was a member, is a corporation organized by law to perform its functions as an agency of the municipality. Its functions are governmental. Its members are, therefore, public officers. State ex rel. Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480 (1964). Consequently, McCullough held public office within three years next preceding his election to the Mobile County Personnel Board. He is, therefore, ineligible to hold this office because of the restrictions contained in Act No. 684.
We agree with the contention of McCullough that the words “office” and “officer” as frequently used in statutes are not easily defined. As he points out, this court said in Harrington v. State ex rel. Van Hayes, 200 Ala. 480, 481, 76 So. 422, 423 (1917):
“The words ‘office’ and ‘officer,’ as used in certain statutes or constitutional provisions, may include certain positions, places, and persons, which would not be embraced within the meaning of the same words used in other statutes or other constitutional provisions. .
[[Image here]]
“There are in legal parlance probably few words that have a greater variety of meanings, or shades of meaning, than the words ‘office’ and ‘officer.’
Public officers are usually required to take an oath, and often, to make bond, and to keep an office or place of business; but none or all of these requirements do not absolutely determine whether or not a given employment is a public office, within the meaning of a given statute or constitutional provision. ... A public employment authorized or created by law may not be a public office within the meaning of the statutes and constitutional provisions governing qualifications for, elections to, and removals from, public offices, state, county or municipal
[[Image here]]
The court, in Harrington, recognized, however, that where a board or commission is clothed by law with a part of the sovereign power, its members are for that reason public officers within the meaning of the statute creating such board or commission. Id. at page 481, 76 So. 422.
*1124 The Act creating the Mobile Personnel Board (nor any amendment thereto) contains no definition of “public office” as that term is used in the Act. We must, therefore, look to the Act creating the Water and Sewer Board of the City of Saraland to determine whether the members of that board are public officers. Clearly, that board is clothed by law with a part of the sovereign powers; State ex rel. Richardson v. Morrow, supra, and for that reason its members must be deemed to hold a public office within the meaning of the statute under which it was created.
McCullough argues that Act No. 684 refers only to public offices whose members are elected by the public. The Act contains no suggestion that the legislature intended the restriction to apply only to publicly elected public officers. Our function, of course, is to construe legislation consistent with the legislative intent to the extent that such intent can be determined from the enactment itself. Tillman v. Sibbles, 341 So.2d 686 (Ala.1977); State ex rel. City of Birmingham v. City of Tarrant City, 294 Ala. 304, 315 So.2d 583 (Ala.1975). It is also appropriate to look to the purposes and objects of the legislation and any evil sought to be remedied or avoided by the legislation. Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653 (Ala.1976).
The language of Act No. 684 restricts membership in the Mobile County Personnel Board to persons who have not held public office for three years next preceding their election to the board. It does not say “elective” public office. In fact, the 1965 amendment to the Act originally passed in 1939, which created the Personnel Board, further limited the membership. The 1939 Act prohibited only persons who had held a Mobile County or City public office during the preceding three years from serving. It seems clear that by striking the geographical reference, the legislation added a further restriction to membership by prohibiting persons who had held public office in places other than the County and City of Mobile.
Had the legislature intended to restrict membership on the Mobile County Personnel Board by disqualifying only those persons who had held or been a candidate for elective public office, they could have so provided. In fact, the same legislature which first adopted the Mobile Act also adopted the Act creating the State Merit System. The State Act, No. 58, General Acts of Alabama 1939, approved March 2, 1939, page 68, has the following restrictions on membership on the State Personnel Board:
“Section 5. Each member shall be a person over twenty-one years of age, of recognized character and ability, shall have been a bona fide resident and a qualified voter of this State for not less than five years, and shall not, when appointed, nor for the three years then last past before the date of his appointment, have held elective public or party office, nor have been a candidate for such office. . . .” (Emphasis Added)
This act, having been passed by the same legislature which passed the Mobile Act, suggests that the legislature was mindful of the distinction between elective public office and nonelective public office and determined that all public officers, whether elected or otherwise, should be disqualified from serving on the Mobile Personnel Board for three years next preceding their appointment to that board.
In the 1939 Act and in each reenactment of that act up until the 1976 amendment, there was also included a provision which permitted the appointing authority to refuse to consider any person who actively sought a position on the board itself. This discretionary authority was made mandatory by the 1976 amendment so that the act as presently written requires the appointing authority to refuse to consider the appointment of any person who actively seeks a position on the board.
McCullough argues that to construe Act No. 684 to prohibit persons who have held public office within three years of their appointment, or who have been candidates therefor, violates the equal protection *1125 clause of the First and Fourteenth Amendments to the Constitution of the United States. We cannot agree. The legislature is free to specify qualifications for holding public office so long as the classification or qualifications imposed are reasonable and have some substantial relation to the object of the legislation and does not constitute an arbitrary treatment of some persons. Comer v. City of Mobile, 337 So.2d 742 (Ala. 1976). It is equally true that:
. . the right to hold an office under authority of the state, unlike the right of a citizen to engage in a gainful occupation, is not considered, as a general rule, a privilege or immunity belonging to a citizen of the United States, nor an inherent or natural right existing in the absence of constitutional provision or legislative enactment. It is rather considered as a political privilege or civil right under the control of the state, which it may regulate or restrict, so long as the right of suffrage is not denied to any person on account of race, color, or previous condition of servitude. [Citations Omitted]” Davis v. Teague, 220 Ala. 309, 312, 313, 125 So. 51, 54 (1929).
The legislature is authorized to place qualifications on the right to hold an office under authority of the state, so long as the limitations do not offend the Constitution of the State or of the United States, and so long as such limitations are not unreasonable nor arbitrary. We cannot agree that it is unreasonable to require that members of the Mobile County Personnel Board be persons who have not held public office for three years before their appointment. The legislature obviously wanted persons on the Personnel Board whose political activities had remained dormant for three years next preceding their selection. This is in the legislative prerogative.
The State Merit System Act, supra, at page 83, contained a provision that “No employee in the classified service shall be a candidate for nomination or election to any public office.” In holding that this limitation was constitutionally permissible, this court said:
“The one controlling, dominating thought and purpose of the Act was to secure fit, capable and efficient service from those in the state’s employment, and if, to the legislative mind, candidacy for office would militate against the service, or render the employee or official less active and efficient, or less independent, in the discharge of his duties to the state, there could be no objection to the inclusion of such prohibition against candidacy for office. . . .” Heck v. Hall, 238 Ala. 274, 282, 190 So. 280, 286 (1939).
The same is true here. If, to the legislative mind, having held a public office, or having been a candidate therefor, would militate against the independence of a member of the Personnel Board in the discharge of his duties, the legislature has the right to disqualify such persons for a reasonable period of time. It has not undertaken to disqualify such persons except to require that three years elapse from the time they served in a public office, or were candidates for such offices, before becoming members of the Personnel Board. This is not an unreasonable limitation.
McCullough argues that if the legislation is construed to mean that he cannot serve on the Personnel Board because he has held a public office within three years of his appointment, it follows that a member of the Mobile County Personnel Board cannot be appointed to successive terms, because such members also hold public office. That question is not before us in this case and we, therefore, express no opinion on this issue.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, JONES and BEATTY, JJ., concur.
MADDOX, ALMON and EMBRY, JJ., dissent.