MADDOX, Justice
(dissenting).
Admittedly, the words “public officer” are not easily defined [Harrington v. State *1126 ex rel. Van Hayes, 200 Ala. 480, 481, 76 So. 422 (1917)], but I believe that we should construe those words in this statute to apply only to persons who hold elective public office or are candidates for elective office, for at least two reasons: (1) I believe those are the persons the legislature intended to make ineligible to serve on the Personnel Board and, (2) the interpretation placed on the statute by the majority, in my opinion, would clearly make the statute unconstitutional, because, as the majority suggests, if the words “public office” include both elective and appointive public offices, then it follows that a member of the Mobile County Personnel Board could not be appointed to a successive term, because a member of the Mobile County Personnel Board would be the holder of a “public office.” I cannot believe the legislature intended such a result.
The one controlling, dominating thought and purpose of the Act creating the Civil Service System for Mobile County was to secure fit, capable and efficient service from those employed thereunder. Cf. Heck v. Hall, 238 Ala. 274, 190 So. 280 (1939). To interpret the Act to prohibit any appointive public office, to serve on the Personnel Board, I believe, does not carry out the legislative intent. I think that the legislature intended to disqualify only elective public officials. The use of the words “nor been a candidate for [public office]” indicates that only elective public officers were classified. In the context here, I think “candidate for [public office]” only applies to persons who run for office.
If the legislature did, in fact, mean to disqualify persons such as McCullough, as the majority holds, then I think the legislature acted unconstitutionally. To disqualify every person who, within the past three years, has held either elective or appointive public office — city, county, state or national — or who has been a candidate for such office is an unreasonable classification. Cf. Rogers v. The Common Council of The City of Buffalo, 123 N.Y. 173, 25 N.E. 274 (1890) (where a classification was upheld, but where the court inferred that to disqualify a person to hold a public office, the classification must be reasonable). There is no reason to disqualify the myriad of people who must have held an appointive city, county or national “public office,” or been a “candidate” for such. The legislature did not intend to disqualify all these people from holding public office as a member of the Personnel Board. Consequently, I dissent.
ALMON and EMBRY, JJ., concur.