288 So.2d 781

**Robert BROWN, as Superintendent, etc. et al.**

**v.**

**David SPENCER, Individually, etc.**

**SC 642.**

Supreme Court of Alabama.

Jan. 24, 1974.

Oscar W. Adams, Jr., Birmingham, for appellants.

Pruitt & Pruitt, Livingston, for appellees.

**68**

BLOODWORTH, Justice.

Respondents Robert Brown, Superintendent of Education of Greene County, and the Board of Education of Greene County appeal from a "Writ of Mandamus" issued by the late Hon. E. F. Hildreth, Circuit Judge.

The testimony in this cause is to the effect that in January of 1972 the patrons of Carver Middle Grade School (also called Eutaw Middle Grade School) held an election for the purpose of nominating persons for trustees in accordance with provisions of § 100, Tit. 52, Code of Alabama 1940, as last amended. At the election only three nominees were elected and another three were appointed from a list provided by the principal of Carver School. All parties to this controversy appear to agree that this selection of nominees did not follow proper procedure established by § 100, Tit. 52, and was invalid. Complaint as to the propriety of the January selection was made, and another meeting of school patrons was held in May of 1972. A new election was conducted at this meeting, and six nominees were elected. On May 31, 1972, the Board of Education duly appointed three of these nominees to serve as trustees of Carver Middle Grade School.

At a trustees meeting on December 12, 1972, one of the appointed trustees submitted a written resignation and one of the remaining three nominees on the list submitted a letter to the effect that she would be unable to actively serve as a trustee at that time. This left one vacancy on the board and two names (David Spencer and Spencer Means) on the list of nominees. The Board refused to fill the vacancy from the elected list of nominees, citing as its reasons that notice of the May 22, 1972, election had not been given and that the remaining nominees were not competent, reliable, discreet persons who had the respect and confidence of the community, as required by the statute (§ 100, Tit. 52).

David Spencer, one of the two remaining nominees, then filed a petition, both individually and as representative of a class, seeking a writ of mandamus to compel the Board to fill the vacancy from the list of nominees, as required by Tit. 52, § 100.

A hearing was held, at the conclusion of which the court made findings that David Spencer is a patron of Carver School and is a person who can properly and fairly represent the class of persons who are patrons; that proper notice was given of the May 1972 election; and that David Spencer and Spencer Means are discreet, competent and reliable persons who have the respect and confidence of the community.

The court thereupon issued a writ stating, inter alia, respondents

" * * * are hereby directed to within ten (10) days from the date of service of this decree to appoint Spencer Means or David Spencer to fill the vacancy for the unexpired term of Trustee of the Carver or Eutaw Middlegrade School or appear on the 12th day of April, 1973, to show cause why they have not done so. That writ of Mandamus be issued from this Court directing them to do so or in the event of their failure to do so or their failure to show cause why they should not be required to do so, that they be cited for contempt of Court * * *."

It is from the issuance of this writ that the respondents appeal.

The first matter to be considered is a motion by appellee David Spencer to dismiss this appeal. Spencer contends that the order of the trial court is an alternative writ of mandamus and is not a final judgment from which an appeal will lie. Notwithstanding the trial judge's calling the order "Writ of Mandamus," and its being self-contradictory in part, we must agree with the characterization of this order as an "alternative writ of mandamus."

We cannot agree that, as such, it is not an appealable order. Section 761, Title 7, Code of Alabama 1940, as last amended, provides as follows:

"Appeals may be taken to the supreme court from the judgment of the judges of the circuit courts, on application for writs of certiorari, supersedeas, quo warranto, mandamus, and other remedial writs, upon plaintiff or defendant giving security for the costs of appeal, approved by the judge trying the same, within thirty days from the day of the judgment; but such appeal shall not operate as a supersedeas of the judgment, unless bond with sufficient sureties be given by the appellant, payable to the appellee, in such sum as the judge hearing the application shall require, conditioned to pay all damages thereby sustained."

This section has been held to allow appeals from the allowance and denial of alternative writs of mandamus and rules nisi. Cooper v. Acuff, 279 Ala. 267, 184 So.2d 348 (1966); Mayfield v. Court of County Commissioners of Tuscaloosa County, 148 Ala. 548, 41 So. 932 (1906). Cf. Ex Parte Campbell, 130 Ala. 171, 30 So. 385 (1901) (holding alternative writ of prohibition an appealable order under this statute). This court has always been careful to distinguish alternative writs of mandamus, which we have held to be appealable, from mere orders to show cause, which are not appealable. Ex Parte Register, 257 Ala. 408, 60 So.2d 41 (1952); Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788 (1921). We thus conclude that the instant alternative writ of mandamus clearly falls within the scope of § 761 and is therefore appealable.

Appellee Spencer also urges dismissal of this appeal on the ground that the question before the Court is moot in that appellants did, on or before the 12th day of April, 1973, appoint Spencer Means as Trustee of the Carver Middle Grade School as ordered. Even if this be true, we cannot agree that this appeal is moot.

We have not been cited to, nor have we found, any case which speaks to this precise fact situation. We are convinced, however, that compliance by the school board with the trial court's order has not terminated this controversy. The court's order was specifically issued under penalty of contempt, directing the sheriff of Greene County, upon the failure of the respondents to comply with the order, to place the respondents in jail "to serve until they comply with this Decree." Respondents requested a stay of the order pending appeal, but this request was denied by the court. Respondents promptly appealed the trial court's order and argue the merits of the controversy on this appeal. They continue to diligently prosecute this appeal. We do not consider that, by complying with the trial court's order pending appeal in order to avoid being held in contempt, this appeal has been rendered moot.

Proceeding now to the merits, respondents seem to contend that mandamus is not the proper remedy in this cause. This Court has held that a writ of mandamus lies where the petitioner has a clear, specific legal right to demand performance of a legal duty and no other adequate remedy. Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329 (1956).

We consider the provisions of Tit. 52, § 100:

"The county board of education shall appoint for every school in the county, from a list of six discreet, competent, and reliable persons of mature years nominated by the patrons of the said schools, which list shall be kept on file by the board, three persons residing near the schoolhouse, and having the respect and confidence of the community, to serve for a term of four years as trustees of the school, to care for the property, to look after the general interest of the school, and to make to the county board of education, through the county superintendent of education, from time to time, report of the progress and needs of the school, and of the will of the people in regard to the school. The board of education shall fill all vacancies occurring in the office of trustee for the unexpired term from the list of nominees on file until the names on such list are exhausted. The term 'patrons' as used herein shall be construed to mean the parents and guardians of children in attendance at the school."

This statute clearly places an affirmative legal duty upon the members of the Board of Education to fill vacancies in the office of trustee from the list of those nominated by the school patrons. No argument is made that petitioners have another adequate remedy.

Respondents do argue, however, that the exercise of the power of appointment is not a ministerial duty and therefore may not be compelled by writ of mandamus. This argument is without merit. The quoted statute places an unequivocal duty on the Board members to fill vacancies from the list of nominees on file. While the Board does retain the discretion as to which person or persons on the list it may appoint, certainly it is not left in the Board's discretion to choose to leave the positions vacant or to require a new list to be submitted simply because the Board may be dissatisfied with the list of nominees selected by the school patrons. To give the Board members this discretion would subvert the purposes of the statute.

Respondents next contend that mandamus will not lie to compel the filling of the vacancies because it necessitates a series of continuing acts: first, the Board would have to act on the resignations, then second, make the new appointment. This argument does not impress us. The resignations have been tendered, the office of trustee is in fact vacant, and only a single act of appointment from the list is sought to be compelled. To permit this event to be classified as a series of acts would be to honor semantics over reason.

Next, respondents argue that mandamus will not lie because the petition was filed against the Board and not the individual members of the Board. While the original petition did seek mandamus against the Board only, it seems clear that the learned trial judge considered the issuance of an order against the Board to constitute an impropriety since he ordered the alternative writ to be issued against the individual Board members. It is the Board members in their personal capacities who have been ordered to fill the vacancies or show cause why they have not done so. The court committed no reversible error in this regard.

■ Finally, respondents contend that the court erred in finding: (1) that David Spencer and Spencer Means were properly nominated by the patrons of the Carver Middle Grade School and that they had the respect and confidence of the community; and (2) that David Spencer had properly employed Pruitt & Pruitt, a firm of attorneys at Law, to represent him individually and the class of persons who are patrons of Carver Middle Grade School. These findings are challenged on

the ground that they are not supported by the evidence.

It is well established that where the trial court hears the evidence ore tenus, its findings and conclusions of fact are like that of a jury verdict and are not to be disturbed unless plainly erroneous or manifestly wrong. Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281 (1968).

Reviewing the record before us, we are convinced there is sufficient evidence to support the findings of the trial judge. At least four witnesses testified that they received notice of the disputed May 1972 election; both Mr. Morrow and Mr. Means testified as to David Spencer's good reputation in his community and that he is a discreet, reliable and competent person; both these witnesses also testified that David Spencer had the respect and confidence of the community; and, finally, David Spencer testified that Spencer Means had a reputation in his community as a discreet, competent and reliable person. With regard to the second finding, David Spencer declared under oath in his verified petition for mandamus that he was representative of the class of persons who are patrons of Carver Middle Grade School and that he was required to employ Pruitt & Pruitt as attorneys to represent and protect the interest of said class of persons. Mr. Spencer also testified before the trial court that he was a patron and was familiar with the class of persons who are patrons of the school.

In our opinion, the evidence was sufficient to support the findings and conclusions of the trial court.

The order of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.