These cases involve the review of a trial court's declaratory judgment and writ of mandamus, wherein the defendant has complied with the trial court's decree, without compulsion. This Court holds the cases moot and dismisses the appeals. For this reason, the various other issues raised on appeal need not be addressed.
On January 10, 1981, Mayor Richard Arrington, knowing of the imminent resignation of Birmingham's chief of police, met with the director of the Jefferson County Personnel Board to discuss the qualifications and procedure to be used in the selection of a new chief. Based upon its own regulations and on the meeting with the mayor, the board chose the selection criteria: a written examination, an interview, and a composite of education and experience. Each of the three was weighted by the board's determination of significance. Eleven applicants received scores adequate for placement on the eligible list for the job of police chief. The names of the three applicants who had received the highest mixed scores were "certified" by the personnel board and sent to Mayor Arrington. These were the only applicants from which the mayor could appoint a new chief. The mayor asked that one of the names be removed from the list.
Eventually, the applicant's name was removed and the fourth ranked applicant's name added. The applicant whose name had been removed brought suit on August 14, 1981, in the Jefferson Circuit Court to have his name placed back on the list. On August 17, 1981, the Jefferson County Personnel Board filed a motion to intervene and sought an order denying the mandamus writ and a declaratory judgment construing the Mayor-Council Act [Act No. 452, 1955 Ala. Acts (as amended)], the Enabling Act [Act 248, 1945 Ala. Acts (as amended)], section 9-1-1 of the Code of the City of *Page 760 
Birmingham, and the Jefferson County Personnel Board's Rules of Procedure, to the effect that Mayor Arrington had a legal duty to appoint a new chief of police within ten days of receiving a properly certified list from the personnel board. The petition for writ of mandamus was denied because the certified list was made "subject to background investigation" and a declaratory judgment entered in favor of the personnel board.
Eight certified lists were sent to the mayor between May 27 and October 7, 1981. He sent back to the board all eight lists and requested that an applicant's name be removed. On October 13, 1981, the personnel board filed a petition seeking an alternative writ of mandamus requiring the mayor to appoint a new chief or show cause for failure to appoint. Before trial on the merits in state court, Mayor Arrington filed an action in the federal district court seeking a preliminary injunction to prohibit the personnel board from pursuing its action in the state court. The federal action was based on sections 1981 and 1983, Title 42, U.S. Code, alleging a civil rights violation. The federal court judge refused to issue the injunction and entered a final judgment on April 13, 1982.
Following the trial on November 4, 1981, the circuit judge entered an order granting a peremptory writ of mandamus ordering the mayor to choose an appointee from the eighth certified list. Mayor Arrington later appointed a new police chief from this list.
This Court has often said that, as a general rule, it will not decide questions after a decision has become useless or moot. Ex parte McFry, 219 Ala. 492, 122 So. 641 (1929); Byrd v.Sorrells, 265 Ala. 589, 93 So.2d 146 (1957); Chisolm v. Crook,272 Ala. 192, 130 So.2d 191 (1961); Jacobs Banking Company v.Campbell, 406 So.2d 834 (Ala. 1981). Alabama courts do not give opinions in which there is no longer a justiciable controversy; yet, Alabama has recognized two exceptions to the mootness doctrine: questions of great public interest and questions that are likely of repetition of the situation. Byrd v. Sorrells,supra, State ex rel. Eagerton v. Corwin, 359 So.2d 767 (Ala. 1977). Neither of these exceptions seems applicable here, especially since a new police chief has been appointed. A situation slightly similar to this one has arisen only once since the creation of the Jefferson County Personnel Board. The law states:
 "As pointed out in some of the cases, it must affect the interest of the body politic as, for example, its revenue laws, or some situation `affected with a public interest' as public utility rates, where the state or government is said to be `as a substantial trustee for the public.'"
City of Birmingham v. Long, 339 So.2d 1021, 1023 (Ala. 1976), quoting Willis v. Buchman, 240 Ala. 386, 199 So. 892 (1941).
Counsel earnestly argues that the instant cases should be decided. The argument is based on the apparent similarities with our previous case of Brown v. Spencer, 292 Ala. 66,288 So.2d 781 (1974). The facts and proceedings of the present case are, we think, distinguishable from Brown, supra. In Brown, the issue was whether compliance by a school board in appointing new board members in response to a writ of mandamus, under compulsion of possible contempt of court proceedings, rendered the controversy moot. This Court held the case was not moot, as the board had acted only to avoid being held in contempt. In the instant cases, there was no such order by the trial judge.
"Where an event occurs which renders a case moot prior to this court considering the appeal, it will be dismissed because a decision is not necessary." State ex rel. Eagerton v. Corwin,359 So.2d 767, 769 (Ala. 1977). This contingency is now a reality; therefore, the appeals are dismissed as moot.
APPEALS DISMISSED.
TORBERT, C.J., and FAULKNER, JONES and BEATTY, JJ., concur.
SHORES, J., concurs specially.