ON APPLICATION FOR REHEARING
PER CURIAM.
The original opinion is withdrawn and the following substituted:
Lynn Payne, Tommy H. Taylor, and Glen Price, individually and as members of the Pleasant Grove Elementary School Board of Trustees (“trustees”), filed a complaint against the Cleburne County Board of Education (“Board”) and the individual board members (Wayne Skinner, Gerald Robinson, Donald Perry, Richard Zaner, and Glen Robinson) and the superintendent of schools, P. Scott Dennis. The original complaint was one for injunctive relief. The trustees amended their complaint by adding a second count, a petition for writ of mandamus or prohibition.
The Board filed a motion to dismiss. In the motion, the Board alleged that the trustees had no standing at law to maintain the action as filed, that the trustees had no recognized cause of action against the Board either by statute or by court decisions, and that the petition for writ of mandamus or prohibition should be dismissed because mandamus or prohibition is not the proper remedy for the relief sought by the trustees. The trial court denied the motion to dismiss and set the case for trial. The matter was heard by the trial judge, who granted the writ of mandamus. This appeal followed.
This case involves the following facts: A vacancy in the position of principal occurred at the Pleasant Grove Elementary School in the spring of 1985. A joint meeting between the Pleasant Grove Elementary School Board of Trustees (created pursuant to Code 1975, § 16-10-1, et seq.) and the Cleburne County Board of Education (created pursuant to Code 1975, § 16-8-1, et seq.) was held in July 1985 to begin the process of finding a new principal. During the month following the meeting, the Board and Superintendent Dennis submitted to the trustees a list of approximately 21 candidates for the position of principal. The trustees reviewed the 21 applications submitted and interviewed certain of these candidates. These candidates were not interviewed by the Board. At the conclusion of the interview process, the trustees submitted to the Board and superintendent Dennis, via letter, the name of the individual they recommended for the position.
The candidate recommended by the trustees was never interviewed by Superintendent Dennis or by the Board. On August 6, 1985, Dennis forwarded to Tommy Taylor, a member of the board of trustees, a letter which stated:
“Please be informed of the Cleburne County Board of Education’s appointment of Robert Chambless as Principal at the Pleasant Grove Elementary School.
“This motion was carried at the August 5, 1985, board meeting.
“According to the State of Alabama Public Law, Title 52, Chapter 7, if this does not meet your approval, the trustees, by *51 unanimous consent may refuse to accept the above named person by filing reasons for the refusal with the Superintendent of Education within ten (10) days after date of this receipt.”
Chambless was not the candidate recommended for the position by the trustees.
In response to Dennis’s letter, the trustees on August 12, 1985, mailed, via certified mail, to Dennis, a letter in which the trustees refused the appointment of Chambless as the principal of Pleasant Grove Elementary School. This letter set forth the reasons for the refusal as follows:
1. His prior dual position as teacher and principal prevented him from developing needed office characteristics,
2. Inefficiency at teacher-pupil relations;
3. Inefficiency at teacher-principal relations;
4. Inefficiency at school-community relations;
5. Pleasant Grove Elementary School is twice the size of Mr. Chambless’s prior assignment.
The letter was unanimously approved and was signed by each of the trustees. The trustees also attended the next meeting of the Cleburne County Board of Education. At this meeting, a brief statement was read by the Board which stated that the Board would not appoint any other candidate for the position of principal at Pleasant Grove Elementary School. Following this meeting and the trustees’ letter refusing Chambless as principal, the Board and Dennis refused to appoint anyone else to the position of principal. The trustees then commenced this action for the removal of Chambless and to compel appointment of another candidate for the position of principal of Pleasant Grove Elementary School.
The first issue raised is whether a writ of mandamus would be the proper remedy in this case. The Board argues that mandamus was not the proper remedy against the Board and the superintendent.
Mandamus is an equitable remedy to coerce the performance of an act. This remedy will be granted where there is shown on the part of the applicant a clear, specific legal right to the performance of the act sought. Campbell v. City of Hueytown, 289 Ala. 388, 268 So.2d 3 (1972). Mandamus lies where a party has a “clear, specific legal right to demand performance of a legal duty and no other adequate remedy.” Brown v. Spencer, 292 Ala. 66, 69, 288 So.2d 781 (1974). It is clear that a writ of mandamus is an appropriate remedy to enforce a duty upon school officials. Several Alabama eases have held that mandamus is appropriate against members of boards of education. See, Shirey v. City Bd. of Ed. of Fort Payne, 266 Ala. 185, 94 So.2d 758 (1957); Brown v. Spencer, supra.
In Brown v. Spencer, this Court held that mandamus was appropriate to compel school officials to appoint a person to fill a vacancy on a local board of trustees. We permitted an individual (a nominee to the board of trustees) to bring the action on behalf of himself and also permitted him to bring the action as a representative of the school patrons. We held that certain statutes, which were the predecessors to § 16-10-1, Code 1975, clearly placed an affirmative duty upon the members of the board of education. The petitioner in that case, as an individual and a representative of the school patrons, possessed the right to petition for mandamus.
It is clear from the facts of this ease that the writ of mandamus was the proper remedy for the trustees against the Board and the superintendent.
The second issue presented is whether the plaintiffs, individually or as the trustees of the school, have standing to maintain this action. The Board argues that the plaintiffs have no asserted right or interest to be protected that is different from that of the public at large.
The plaintiffs in this case were appointed as members of the Pleasant Grove Elementary School Board of Trustees pursuant to § 16-10-1, Code 1975, which states that the trustees are “to care for the property, to look after the general interest of the school and to make to the county *52 board of education, through the county superintendent of education, from time to time, report of the progress and needs of the school and of the will of the people in regard to the school.” Clearly, the trustees possessed standing to redress the wrong alleged in this action. The damages and injuries alleged were peculiar to them and were different from any damages allegedly incurred by the general public. The trustees were not mere members of the general public, but were statutorily bound to care for and look after the general interests of Pleasant Grove Elementary School. Thus, the plaintiffs, as trustees, possessed actual interests in the cause of action and had standing to bring this action.
The third issue presented concerns the scope of the word “teacher” in Code 1975, § 16-10-4. The trustees contend that the word “teacher” in this section includes “principal.” Section 16-10-4 provides:
“In the event a teacher, not already employed in a school, is assigned to such school, the county superintendent of education shall give to the trustees of said, school notice in writing of such assignment, and the trustees of said school, within 10 days from the date of the receipt of the superintendent’s notice of assignment, may by unanimous consent refuse to accept the assignment of such teacher to their school upon written notification to the county superintendent of education setting out the reason for such refusal; and it is hereby made the duty of the county superintendent of education to assign another teacher to such school. (School Code 1927, § 180; Code 1940, T. 52, § 140.)” (Emphasis added.)
Interpretation of a statute begins with the language of the statute itself. Ex parte Jones, 456 So.2d 380 (Ala.1984). “[W]hen the language of the statute is ambiguous, or doubtful in meaning, construction by the court becomes necessary, and in such case the court should endeavor to ascertain the legislative mind and the purpose of the statute, as well as the object to be accomplished.” Jefferson County v. Hawkins, 232 Ala. 398, at 400, 168 So. 443, at 445 (1936). Because the statute does not expressly define the word “teacher,” we must turn elsewhere for guidance.
“A ‘principal’ is defined as a teacher who is intrusted with special duties of direction or management.” 78 C.J.S. Schools & School Districts § 154 (1952). In White v. State, 42 Ala.App. 249, 160 So.2d 496 (1964), a criminal case, the court adopted a similar definition. In White, the court cited statutes and cases involving teacher tenure. The tenure statutes expressly define “teacher” to include a principal. Code 1975, § 16-24-1. The teacher retirement statutes also define “teacher” to include a principal. Code 1975, § 16-25-1(3).
Within Chapter 10 of Title 16 (“Board of School Trustees”), there are some indications that the legislature considered principals to be teachers. Code 1975, § 16-10-3, provides that “[t]he principal teacher of the school shall be the secretary of the board of school trustees.” In the only reported case dealing with this statute, the “principal teacher” involved was the principal of the school. Roberts v. Bright, 222 Ala. 677, 133 So. 907 (1931). More significant is the fact that in § 16-10-9, the board of trustees is given the authority to file “written charges requesting the removal of the principal or any other teacher in said school.” (Emphasis added.) Section 16-10-9 clearly indicates that the legislature considered a principal to be a teacher.
We hold that § 16-10-4 does give the board of trustees the right to reject the appointment of both teachers and principals, because it is our opinion that the legislature considered a principal to be a teacher.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES and HOUSTON, JJ., concur.
MADDOX, BEATTY, ADAMS and STEAGALL, JJ., dissenting.