This case concerns an appeal by the Town of Leighton of a judgment entered against it for failure to take certain action previously agreed upon with Fred and Shirley Johnson and ordered by the trial court. In response to a petition for contempt filed by the Johnsons, the court assessed monetary damages against the town as a result of its noncompliance.
This action began in 1985, when the Johnsons sued the town for damages and the abatement of a nuisance. A storm drainage ditch previously channelized by the town pursuant to an easement crosses the rear of the Johnsons' property; the town's primary sewer line is adjacent thereto. The town's sewer system is overburdened, a condition further complicated by numerous leaks which allow ground and flood water to enter it to the point of overflow. To relieve the pressure on the sewer system, town employees knocked a hole in a manhole near the Johnsons' property to allow any overflow to drain into the aforesaid ditch. As a result, raw, untreated sewage overflows from the manhole into *Page 72 
the ditch every time it rains more than two inches. The area is unsightly and has an offensive odor, and these problems have decreased the amount of land available to the Johnsons for pasture.
The parties entered into a settlement agreement on October 31, 1986, which provided that the town pay $8,000 in damages to the Johnsons and repair the manhole column by February 7, 1987. That date was chosen to coincide with the projected completion of rehabilitative work on the sewer system for which the town had already contracted. The trial court then issued an order which incorporated the terms of the agreement.
The town paid the $8,000 and raises no issue on appeal relative to the order of October 31, 1986.
The town did not comply, however, with the directive to repair the manhole. On December 31, 1987, the Johnsons filed a petition for contempt, which was set for hearing on March 28, 1988. After hearing testimony, the trial court found that the town did not stop the overflow of the manhole until March 24, and that "the defendant, by deliberate and intentional decision, chose not to repair the hole so [as] to prevent overflow of sewage on the Plaintiffs' property, because such closing of the hole might cause houses inside the city limit to have sewage backing up into them." Compensatory damages of $650 and punitive damages of $4,500 were awarded to the Johnsons because of the town's intentional failure to repair the manhole.
The town raises two issues on appeal. First, it contends that a municipal corporation should be immune from damages resulting from its efforts to provide a sewage system for the benefit of its citizens. Second, it argues that it should not have been found in contempt because it attempted to comply with the previous court order with "reasonable diligence."
The town cites Rich v. City of Mobile, 410 So.2d 385 (Ala. 1982), to support its immunity argument. That case created a narrow exception to the general rule that liability may be imposed on municipalities. There, the attendant public policy considerations of the city's responsibility to provide for the general public's health, safety, and general welfare outweighed the injury to certain homeowners resulting from a building inspector's negligent inspection of, or failure to inspect, sewer lines. The court emphasized that this limited exception should be applied only "in those narrow areas of governmental activities essential to the well-being of the governed, where the imposition of liability can be reasonably calculated to materially thwart the City's legitimate efforts to provide such public services." Rich, supra, at 387.
We do not find that the Rich exception is applicable in the instant case. The law in Alabama is well established that when a municipality undertakes the construction or maintenance of sewer systems, a duty of care is owed, and it may be liable for the damages proximately caused by its negligence.
 " 'When a city constructs or maintains sanitary sewers, it has been held in Alabama to be responsible for the careless and negligent manner in which it discharges that duty. . . . [I]f the city negligently provided or maintained an insufficient outlet for its sewage system and caused water and sewage to accumulate on property resulting in damage, it is liable. [Citations omitted.]
" '. . . .
 " 'Assuming that the city undertook [sewer] maintenance, it was a duty owing by [the city] to supply a remedy which experience may have demonstrated was needed.' "
Terry v. City of Sheffield, 484 So.2d 389, 391 (Ala. 1986) (quoting City of Birmingham v. Greer, 220 Ala. 678, 680-81,126 So. 859, 860-61 (1930)). See also Kennedy v. City ofMontgomery, 423 So.2d 187 (Ala. 1982); City of Mobile v.Jackson, 474 So.2d 644 (Ala. 1985).
We hold that the town is not immune from liability for its action in creating the hole in the manhole and in failing to repair it. *Page 73 
We now turn to the town's argument that the trial court was in error in holding it in contempt. It relies on Newman v.Graddick, 740 F.2d 1513 (11th Cir. 1984), which holds that one who attempts to comply with a court order with reasonable diligence should not be held in contempt. The town notes numerous problems it experienced in its efforts to rehabilitate its sewer system and contends that repair of the system is the only thing that will prevent or control the intermittent overflow through the manhole onto the Johnsons' property. We find no merit in the town's argument.
The failure to perform an act required by a court for the benefit of an opposing party can give rise to civil contempt.Carter v. State ex rel. Bullock County, 393 So.2d 1368 (Ala. 1981). The evidence in this case indicates that the town was attempting to renegotiate a contract for repair work on its sewer system, but it made no attempt to eliminate the overflow onto the Johnsons' property for over a year after it had promised to do so. Four days before the hearing on March 28, however, the town built a temporary retaining wall, or "revetment," around the manhole in an effort to contain the overflow. We realize that the town's decision to allow sewage to continue to overflow at the manhole was based on its fear of potential difficulties in other homes; nevertheless, that decision caused the Johnsons to suffer additional damages.
The basic proposition in a contempt proceeding is that a court's order should be complied with promptly. In a civil contempt proceeding, the question is whether the order has been complied with, and intent is not an issue. Jim WalterResources, Inc. v. International Union, UMW, 609 F.2d 165 (5th Cir. 1980). The town is correct that it is improper to impose contempt sanctions upon an alleged contemnor if it is not able to satisfy the court's directives. Combs v. Ryan's Coal Co.,785 F.2d 970 (11th Cir. 1986). The alleged contemnor must show, however, a present inability to comply that is more than a mere assertion of inability. That burden can be satisfied by showing that in good faith all reasonable efforts were made to comply.Combs, supra, at 984. In United States v. Hayes, 722 F.2d 723,725 (11th Cir. 1984), the Eleventh Circuit further stated:
 "Even if the efforts he did make were 'substantial,' 'diligent' or 'in good faith,' . . . the fact that he did not make 'all reasonable efforts' establishes that [respondent] did not sufficiently rebut the . . . prima facie showing of contempt."
Although the town was seeking to adequately repair its sewer system, it failed to make any attempt to solve the problem that existed on the Johnsons' property from October 31, 1986, until March 24, 1988. It clearly did not make all reasonable efforts to comply, and, therefore, the trial court was not in error in ordering the town to pay damages to the Johnsons.
We note that no issue is presented here as to the amount of compensatory or punitive damages awarded to the Johnsons.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.