RUSSELL, Judge.
This is an appeal from the trial court’s finding of contempt.
The parties were divorced by the Circuit Court of Shelby County on June 7,1991. An agreement made part of the final divorce judgment provided, inter alia, that the husband was to execute appropriate deeds transferring his interest in certain real property to the wife. On October 2, 1991, the wife filed a petition for rule nisi, asking the trial court to find the husband in contempt for refusing to execute the proper deeds for transferral of the property. The wife also petitioned the court for an award of an attorney’s fee.
A hearing on the wife’s petition was held on January 8,1992, with the husband appearing pro se. By order dated January 17,1992, the trial court adjudged the husband to be in contempt. The court held that the husband had until March 3, 1992, to purge himself of contempt by executing the appropriate deeds. If he did not do so by that date, he was to be incarcerated in the county jail. The court further ordered the husband to pay $2,000 as an attorney’s fee for the wife’s _ counsel. The husband’s post-judgment motion was denied, and he now appeals. We affirm.
We would note initially that, pursuant to State ex rel. Payne v. Empire Life Insurance Co., 351 So.2d 538 (Ala.1977), the accused in a contempt proceeding is entitled to assistance of counsel, “if requested.” However, nowhere in the record does a request for counsel appear from the husband.
The issue presented for our review is whether the trial court was palpably wrong in holding the husband in contempt and in ordering him to pay an attorney’s fee of $2,000. ,
All courts have inherent authority to punish for contempt in the interest of protecting their dignity and demanding obedience to their decree. The basic purpose of contempt proceedings is.to secure prompt compliance with court orders and judgments. Ex parte Cleburne County Board of Education, 545 So.2d 802 (Ala.Civ.App.1989). The scope of review in contempt cases is limited to questions of law and does not extend to the weight and preponderance of the evidence. If there is any legal evidence supporting the judgment of the trial court, we will affirm. McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App.1988).
The record in the present case reveals that, following the parties’ divorce, the husband received a letter from the wife’s counsel dated July 11,1991, with two statutory warranty deeds for the subject property attached. The husband, however, did not sign and return these deeds. Instead, he *452 sent to the wife’s counsel two quitclaim deeds he had prepared himself and which contained a provision that the husband was transferring his interest in the property in exchange for payment of future child support. A review of the record, however, reveals that there was nothing in the divorce judgment that provided that the transfer of the husband’s interest in the property was consideration for future child support payments.
The record further shows that the wife’s counsel notified the husband by letter that . the husband’s deeds failed to comply with the terms of the judgment. When the husband took no action, the wife’s counsel sent him another letter, dated July 30, 1991, advising him that if he did not sign appropriate deeds, the wife would have no alternative but to file a petition to have him held in contempt for failure to comply with the divorce judgment. At trial the husband testified that he was aware of the terms of the divorce judgment. He also acknowledged that, after receiving the letter from the wife’s counsel, he talked to another attorney, who informed him that the deeds he had prepared were improper and that the deeds provided by the wife’s counsel were in compliance with the divorce judgment. However, the husband continued to insist that the deeds he had furnished were sufficient, and he took no further actions with regard to transferring the property-
We find that the wife presented substantial evidence to support the trial court’s judgment holding the husband in contempt. The evidence is undisputed that the husband failed to execute appropriate deeds transferring his interest in the property. The deeds, as prepared by the husband, attempted to provide that the wife waive all right to future child support, a condition plainly not in the divorce judgment. Despite being advised that he was not in compliance with the terms of the judgment, the husband deliberately chose not to take further steps to comply. The evidence presented indicated that he had no intention of abiding by the trial court’s order.
The husband has sought to argue that he was unable to comply with the divorce judgment without violating federal bankruptcy laws. However, he has failed to present this argument with sufficient clarity or persuasiveness to convince us that his actions were not willfully contumacious. In view of the evidence, we hold that it was not palpably wrong for the trial court to hold the husband in contempt.
As to the issue of attorney fees, we note that our supreme court has held that such fees are recoverable in civil contempt proceedings and may be awarded in the sound discretion of the trial court. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1978). We find that the wife presented sufficient evidence, including testimony from her counsel and from another attorney practicing in Shelby County, in support of a fee award in the amount of $2,000. Accordingly, we hold that this portion of the trial court’s judgment was not palpably wrong.
In view of the foregoing, the judgment of the trial court is due to be, and is hereby, affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $400.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.