THIGPEN, Judge.
This appeal involves a finding of contempt and the trial court’s refusal to modify an injunction.
In December 1983, the trial court enjoined Hospital Corporation of America (HCA) and others from operating a medical facility formerly known as Knollwood Park Hospital in any manner which would result in an average length of stay of less than 30 days for patients in its West Tower. This court affirmed that judgment in Hospital Corporation of America v. Springhill Hospitals, Inc., 472 So.2d 1059 (Ala.Civ.App.1985), and stated:
“On January 17, 1978 Southwest Heart and Cancer Center, Inc. (Southwest) applied for an assurance of need (AON) to construct a two hundred and fifteen bed long-term-care hospital, the West Tower now at issue. The application was in response to an identified need. The 1977 State Medical Facilities Plan, instituted as a part of federal regulation of health services under the Social Security Act to allow the federal government to reimburse health care facilities if their facilities were actually needed in the area, had identified a need for two hundred and fifteen long-term-care beds in the Mobile area. There was no need identified for new short-term-care beds in Mobile, and none were made available. The approval to operate the two hundred and fifteen beds was governed by the state designated planning agency (DPA), which was empowered to issue the required AON. The AON was not required under state law. Southwest’s application for this AON was originally denied but was subsequently granted on appeal to *861 a fair hearing officer (FHO). appeal was taken. No further
[[Image here]]
“HCA became interested in Southwest’s proposed project when Southwest applied initially for an AON. HCA eventually became manager of Southwest with an option to purchase all of its stock. In mid-1981 HCA exercised its option. HCA completed construction of the West Tower in late 1982. On January 12,1984 the West Tower was licensed by the Alabama Department of Public Health as a ‘Two Hundred Fifteen Bed Specialized Heart and Cancer (Long Term, Care) Hospital.’”
Hospital Corporation of America at 1061. (Emphasis in original.)
The record indicates that in May 1991, Springhill Hospitals, Inc. (Springhill), and plaintiff-intervenor, Mobile Infirmary (Mobile), filed a motion to enforce the injunction against HCA, alleging that the University of South Aabama (USA) was the current owner of Knollwood (now known as USA Knollwood Park Medical Center), and that USA was violating the terms of the 1983 injunction because its West Tower Patients had average stays of less than 30 days. In August 1991, Mobile filed a motion pursuant to Rule 25, A.R.Civ.P., to substitute USA as a defendant, or alternatively, to join USA with HCA as a defendant. In April 1992, USA responded and filed a motion to modify the injunction to eliminate or reduce the 30-day average stay requirement.
In November 1992, the trial court declared USA in contempt for violation of that injunction. It further denied USA’s motion to alter the 30-day requirement; it ordered USA to cease any operation of the facility which did not result in an aggregate 30-day average stay; and it ordered USA to pay an attorney fee. USA appeals.
USA’s contentions are that the trial court abused its discretion in finding USA in contempt of the 1983 judgment; that the trial court abused its discretion by refusing to modify the terms of the 1983 injunction; and that the trial court abused its discretion in ordering USA to pay an attorney fee.
At the outset, we note that relief from a finding of contempt is now by appeal. Jordan v. Jordan, 600 So.2d 332 (Ala.Civ.App.1992). The scope of review of a contempt judgment is limited to questions of law, and this court is not permitted to examine the weight or sufficiency of the evidence, but is permitted only to determine if there is any legal evidence to support the trial court’s judgment. McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App.1988).
USA presents two arguments supporting its contention that the trial court erred in finding USA in contempt. USA argues that it diligently attempted to comply with the average stay requirement. In its brief, USA cites Newman v. Graddick, 740 F.2d 1513 (11th Cir.1984), to support its argument that “parties who attempt, with reasonable diligence, to comply with the court orders and judgments of a court should not be held in contempt when those efforts fall short of the mark.” The law is well settled that the alleged eontemnor must show the present inability to comply amounting to more than a mere assertion of inability. Showing that in good faith all reasonable efforts were made to comply will satisfy that burden. Town of Leighton v. Johnson, 540 So.2d 71 (Ala.Civ.App.1989).
USA asserts its good faith effort in that it implemented a preadmission procedure designed to evaluate potential admittees to ascertain whether that patient would likely have a 30-day average stay. Athough this procedure reflects some good faith effort to comply, the record indicates that this does not show that USA made all reasonable efforts to ensure compliance.
USA appears to argue that it has substantially complied with the average stay requirement, and hence, it should not be held in contempt. USA asserted at trial that the West Tower’s average stay “may have been somewhat under thirty (30) days (i.e., in the range of 26 days).” On appeal, USA asserts that these figures are “raw data” which the trial court failed to adjust to exclude patients who were discharged early because they were uncooperative, or that were released against medical advice or for other reasons. Consequently, USA asserts that those fig *862 ures indicate substantial compliance with the injunction.
George Usher, an administrator who testified, agreed that USA had met the average stay requirement for only two months in 1990, and three months from January through September 1991. He also testified that the West Tower had not met the average stay requirement for the years 1988 or 1989. This evidence supports the trial court’s finding of contempt.
USA seems to argue that the trial court erred in utilizing a 12-month reporting period for computing the average stay, because the injunction did not specifically designate a reporting period. USA contends that according to data supplied by Springhill and Mobile, the West Tower had an average stay of 31 days for the three-year period (1989-1991), and that therefore, USA was in compliance with the injunction.
The trial court’s express finding that the 12-month reporting period was the appropriate standard is buttressed by the testimony of Noel Falls, a health systems analyst who researches for health care facilities. He testified that the Medicare program utilizes a 12-month reporting period, and that the health-care industry generally utilizes annual and quarterly reporting periods. Noteworthy is that in Hospital Corp., supra, an official with Blue Cross, Blue Shield of Alabama testified that three months was enough time to accurately calculate an average stay. We find no error in utilizing a 12-month reporting period for calculating West Tower’s average stay. Moreover, we note that USA did not become the owner of Knollwood until June 1990. Hence, Knollwood’s average stay for 1989 is irrelevant in determining whether USA violated the injunction.
USA next contends that the trial court erred in declining to modify the 30-day average stay requirement of the injunction. USA argues that the 30-day average stay requirement is outdated because advances in medical technology and treatment have led to shorter hospital stays, and that Knollwood should not be held to a different standard than other general acute care hospitals.
The trial court found that “[the average stay] standard was set by the regulations of a state agency many years ago. If any such change is indicated, this is a matter for the legislature and/or administrative agency, and not for the Court, to determine.” The record discloses that West Tower was designed for use as a long-term care hospital. There is nothing in the record to show that Knollwood has changed its original purpose. The Alabama State Board of Health’s licensure rules define long-term care as prolonged care where the patient stay is thirty days or longer. See Alabama Rules of Alabama State Board of Health Division of Licensure and Certification, 420-5-7.01(2)(r) (1992). We cannot find that the trial court erred in refusing to alter the injunction.
USA last contends that the trial court erred in ordering USA to pay an attorney fee. A litigant may recover an attorney fee in civil contempt proceedings. Ex parte Cleburne County Board of Education, 545 So.2d 802 (Ala.Civ.App.1989). Recovery of an attorney fee is not mandatory, but it is committed to the sound discretion of the trial court. Cleburne County, supra. We find no abuse of discretion in the trial court’s award of an attorney fee.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.