Janasa W. Falkner ("the mother") and Jefferson D. Falkner ("the father") were divorced by the Shelby County Circuit Court in 1996. In its judgment, the trial court awarded custody of the parties' minor child to the father and directed the mother to pay child support of $141.30 monthly.
In July 1999, the State of Alabama, on behalf of the father (who had assigned his support rights to the State), filed a petition in the trial court seeking to hold the mother in contempt. The petition alleged that the mother had failed to pay child support as required under the trial court's judgment and that her accumulated arrearage amounted to $5,232.40, plus interest of $942.70.
After the mother had been served with the contempt petition, the trial court held a hearing on that petition, in December 1999. At the hearing,[1] the State submitted into evidence a computer-generated printed statement showing that the mother's child-support arrearage at that time amounted to $7,499.34, inclusive of interest. The mother, who appeared pro se, admitted to that arrearage, but testified that she did not have any money or other assets with which to pay the arrearage; she further testified that she had been employed during the year 1999, but that she had voluntarily terminated her employment. When the trial court asked the questions "Why have you not supported your child?" and "Would you like the opportunity to get a job and support your child?" the mother did not respond; likewise, she simply stated "I don't have a job" when the trial court asked her whether the child was worthy of being supported. The record does not indicate that any other evidence was admitted at the hearing.
The trial court entered a judgment on December 9, 1999, finding the mother in contempt and ordering her confined to jail until she purged herself of the contempt by paying $7,157.35. The mother, through counsel, filed a postjudgment motion and an alternative petition for the writ of habeas corpus, which were denied.[2]
The mother appeals,[3] raising two issues: (1) whether the trial court erred by failing to advise her of her right to counsel and her "right against self-incrimination"; *Page 935 
and (2) whether the trial court erred in incarcerating her indefinitely in the absence of evidence indicating that she had the present ability to comply with the support provisions of the divorce judgment. Because the record in this case consists of the clerk's record and the Rule 10(e) statement of facts, which are undisputed, we review the trial court's judgment de novo, with no presumption of correctness. E.g., Taylor v.Mobile Pulley Mach. Works, 714 So.2d 300 (Ala.Civ.App. 1997).
With respect to the mother's first argument, we note that the record does not indicate that the mother requested counsel before the contempt hearing; therefore, on the authority of Wright v. Wright, 630 So.2d 450
(Ala.Civ.App. 1992), and Parcus v. Parcus, 615 So.2d 75 (Ala.Civ.App. 1992), cert. quashed, 615 So.2d 78 (Ala. 1993), we conclude that the denial-of-counsel issue has not been preserved for this court's review. Similarly, the mother cites no authority for the proposition that her testimony in a civil-contempt matter implicated her freedom from self-incrimination. See Ex parte Hulsey, 536 So.2d 75, 76 (Ala.Civ.App. 1988) ("The father's testimony did not incriminate him in the commission of any criminal offense but concerned only the alleged violations of the child support order."). Thus, the first issue is without merit.
However, we reach a contrary conclusion with respect to the mother's second issue, dealing with the trial court's sanction of incarceration:
 "The purpose of a civil contempt proceeding is to effectuate compliance with court orders and not to punish the contemnor. The inability to pay child support or alimony is a defense to contempt. When the accused presents evidence that he is unable to pay the ordered amount, the burden or proof is on the complainant to prove beyond a reasonable doubt that he can comply."
Watts v. Watts, 706 So.2d 749, 751 (Ala.Civ.App. 1997) (citations omitted). Here, the Rule 10(e) statement of the evidence reflects that the mother did submit evidence indicating that she was presently unable to pay the total arrearage of $7,157.35, while the State did not offer any evidence, much less prove beyond a reasonable doubt, that the mother had the present ability to pay that arrearage. Indeed, the State concedes that the mother's testimony that she did not have any money or other assets with which to pay the arrearage was "not rebutted." Based upon that undisputed evidence, we must, on the authority of Watts, conclude that the trial court erred in confining the mother to jail until she has paid the total arrearage. We reverse that court's judgment and remand the cause for further proceedings in which the trial court should "effectuate [the mother's] compliance" with the support provisions of the divorce judgment. Watts, 706 So.2d at 751.
REVERSED AND REMANDED.
Crawley and Thompson, JJ., concur.
Yates and Monroe, JJ., concur in the result.
[1] The record does not contain a transcript of that hearing; however, the parties submitted, and the trial court supplemented and approved, a statement of the case pursuant to Rule 10(e), Ala.R.App.P., from which we have taken the following facts.
[2] Counsel for the mother has informed this court that after the filing of the parties' briefs, the trial court released the mother from custody and set a review hearing for June 29, 2000.
[3] "An adjudication of contempt is reviewable by appeal if the person found in contempt is being held in custody pursuant to that adjudication, unless the writ of habeas corpus is an available remedy." Rule 70A(g)(1), Ala.R.Civ.P. It would appear that the trial court's denial of habeas corpus relief renders that remedy "unavailable."