PARKER, Justice
(dissenting).
Our judicial system could not function effectively without the power to enforce court orders, and an essential means of such enforcement is the power to punish for contempt those who flout court orders.
However, the contempt power is also capable of abuse. Because it is the court that punishes offenses directed at itself, a person who defends against a contempt citation must do so before one person who plays the roles of judge, jury, victim, and prosecutor all in one. It is vital, therefore, to ensure that individual liberties are carefully protected against this necessary but potentially dangerous power.
Protection of individual liberties against misplaced contempt citations is particularly important in divorce and custody cases in which the trial court’s authority over the parties may last for years. The Alabama judicial system has wisely addressed this by requiring a high standard of proof before a person may be found in contempt for failure to pay alimony or child support. As the Alabama Court of Civil Appeals stated in Falkner v. State ex rel. Falkner, 769 So.2d 933, 935 (Ala.Civ.App.2000):
“ ‘The inability to pay child support or alimony is a defense to contempt. When the accused presents evidence that he is unable to pay the ordered amount, the burden of proof is on the complainant to prove beyond a reasonable doubt that he can comply.’ ”
(Quoting Watts v. Watts, 706 So.2d 749, 751 (Ala.Civ.App.1997).)
In the instant case, Mr. McMorrough was ordered to pay a $90,000 lump-sum alimony settlement to Mrs. McMorrough, as well as $1,000 per month in periodic alimony. He failed to pay the $90,000 lump sum, paid only $250 per month for the first 17 months after the divorce, and ceased making any payment after that.
Mr. McMorrough claims an inability to pay as a defense. He testified that he lost his job as an aircraft mechanic shortly before the divorce. For some time thereafter he worked as a subcontractor for reduced pay, but that job ended in July 2004 and he has been looking for work ever since. He has placed résumés on the Internet and has looked for work as an aircraft mechanic in six different states, without success. As a result, Mr. McMor-rough decided to establish a new career in the insurance industry and has been studying for an exam to become a licensed insurance representative.
*519 All of Mr. McMorrough’s testimony as to his loss of income and his lack of assets stands unrefuted. If any of these claims had been disputed by conflicting testimony or other evidence, as in Watts, supra, the trial judge would have had to resolve that conflict, and the ore tenus rule would require this Court to give substantial deference to the trial judge’s determination, overturning it only if it was clearly erroneous.
Because this testimony stands unrefut-ed, it clearly constitutes substantive evidence of inability to pay. In fact, the evidence of inability to pay in this case is far more substantive than it was in Falk-ner, supra, in which the defendant simply said “I don’t have a job,” and when asked whether she would like the opportunity to get a job and support her child, she did not respond. 769 So.2d at 934. The Court of Civil Appeals, however, found that she had presented evidence of an inability to pay and required the State to prove beyond a reasonable doubt that she was able to pay.
In the instant case, to the extent the trial court ruled that Mr. McMorrough failed to present substantive evidence of an inability to pay, that ruling was clearly erroneous and should be reversed. The burden falls upon the complainant to prove beyond a reasonable doubt that Mr. McMorrough is in fact able to pay. This she has clearly failed to do.
Presiding Judge Crawley’s dissenting opinion to the Court of Civil Appeals’ main opinion in this case quotes the following language in the parties’ divorce judgment:
“ ‘The court finds that the [former] husband has fraudulently disposed of marital assets over the past two years in an effort to avoid an equitable division of the property with the [former] wife. Therefore, the [former] husband shall pay to the [former] wife the lump sum of Ninety Thousand Dollars ($90,000), as alimony in gross to the [former] wife. This amount shall be paid within ninety (90) days after this [judgment].’ ”
The Court of Civil Appeals’ main opinion states that, even though Mr. McMorrough challenged the correctness of the trial court’s finding, that finding remains the “law of the case” and is binding in future proceedings.
However, as Judge Crawley observes in his dissent, the “law of the case” doctrine may not be applied to a divorce proceeding because such a proceeding is a civil matter and subject to a preponderance-of-the-evidence standard, whereas a contempt proceeding is, at least, quasi-criminal and requires proof beyond a reasonable doubt.
Furthermore, the divorce judgment says Mr. McMorrough fraudulently “disposed of’ marital assets; it does not say he concealed them. If he “disposed of’ those assets, then, arguably, he no longer has access to them. The finding in the judgment of divorce that Mr. McMorrough “disposed of’ those assets before the divorce was final is hardly evidence that he is currently able to pay the lump-sum and periodic alimony required by the divorce judgment. If anything, it is evidence to the contrary.[1]
*520 I am well aware that in sometimes acrimonious divorce proceedings and their aftermath, trial judges frequently suspect that parties have more income and assets than the parties are willing to acknowledge and that such suspicion is often correct. But that suspicion hardly rises to the level of proof beyond a reasonable doubt — the standard Alabama law requires where, as in the instant case, the defendant has presented substantive evidence of inability to pay.
Because I believe the requisite standard of proof has not been met in this case, I would grant certiorari review; I therefore dissent.

. It should be noted that the term "dispose of" used by the trial court in the divorce judgment precludes the interpretation that Mr. McMorrough hid any money from an employment settlement he received before his divorce. By definition, to “dispose of” something is to get rid of it altogether, not to conceal it while maintaining access.
The New Oxford American Dictionary (2d ed.2005) defines to "dispose of” as to "get rid of by throwing away or giving or selling to someone else.” Similarly, The American Heritage Dictionary of the English Language (4th ed.2000) defines "dispose of” as "to transfer or part with, as by giving or selling; to get rid of, throw out; to kill or destroy.” Lastly, *520 Black’s Law Dictionary (6th ed.1990) defines the term as "to exercise finally, in any manner, one’s power of control over; to pass into the control of someone else; to alienate, relinquish, part with, or get rid of.... ”
Common to each of these definitions is the core concept that the thing being "disposed of” is no longer in the possession or control of the one disposing of it. Thus, it is improper to conclude, based on the information available to this Court, that Mr. McMorrough was able but unwilling to pay the ordered alimony.